845 So.2d 329 (2003)
Dusty Dale HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-823.
District Court of Appeal of Florida, Second District.
May 21, 2003.
*330 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deena DeGenova, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Dusty Dale Harris is appealing his convictions for burglary and grand theft. He argues that his sentences were presumptively vindictive and that the record does not refute this presumption. We agree; therefore, we reverse and remand for resentencing.
Harris was charged with burglary of a dwelling and grand theft. Prior to trial, he was offered a plea package that would have resolved these charges, as well as two violations of probation cases. The offer was for a prison term of fifty-nine months. Harris rejected the offer and proceeded to trial. He was convicted and received concurrent prison sentences of eight years on the burglary conviction and five years on the grand theft conviction.
"[A] defendant who is convicted after rejecting a plea offer has no right to insist on being sentenced in accordance with the offer." McDonald v. State, 751 So.2d 56, 58 (Fla. 2d DCA 1999) (citing Mitchell v. State, 521 So.2d 185 (Fla. 4th DCA 1988)). This court has noted that "[s]tanding alone, the imposition of a longer sentence than the one contemplated in the failed plea negotiation does not establish vindictiveness." Id. at 58-59. Normally, the defendant has the burden to prove actual vindictiveness. Id. at 59. However, "when the judge has been involved in the plea negotiation and then later imposes a harsher sentence, the sentence is presumed to be vindictive. This presumption may be overcome only if the record affirmatively demonstrates that the defendant's insistence on a trial was given no consideration in sentencing." Id.
Here, the record indicates that the trial judge was involved in the plea negotiation. The State concedes this point. The trial judge told Harris, in part, that:
30 years is a very, very long time.
*331 . . . .
All of your young adult life, a time where most people should be working, starting families, doing all that sort of thing, is going to be spent in the Department of Corrections....
. . . .
... I want to make sure that you really open your heart up and you talk to [defense counsel] because we can do 59 months today, but if the jury finds you guilty, that's off the table, and ... I alone make the decision and there is no sentencing guideline restriction or anything else that keeps me from sentencing you to the maximum on each charge
. . . .
Now, 59 months, that's no cake walk, but there is a light at the end of the tunnel....
Thirty years at age 18I remember when I was 18, you can't contemplate what it's going to be like to be 43 or 45 or 48 years old, that seems like that's the next century sometime, it's a long time, one day at that time, one month at a time.
Because the trial judge was involved in the plea negotiation, Harris's sentences are presumed vindictive, unless the record affirmatively demonstrates that his decision to proceed with the trial was given no consideration at sentencing. McDonald, 751 So.2d at 59. Here, the record does not affirmatively demonstrate that the trial judge intended to punish Harris for rejecting the plea offer. Id. at 59. However, as this court has noted, "That is not the test." Id. The use of the term "vindictive" in this context is "simply a term of art which expresses the legal effect of a given objective course of action, and does not imply any personal or subjective animosity between the court [...] and the defendant." Id. (quoting Frazier v. State, 467 So.2d 447, 449 n. 4 (Fla. 3d DCA 1985)) (alteration in original).
We conclude that the record does not refute the presumption that Harris's sentences were vindictive. The record does not affirmatively demonstrate that Harris's rejection of the plea offer did not influence the trial court's exercise of discretion during sentencing. Id. at 59. The record reflects that the trial court was aware of Harris's record prior to trial. The court referred to his previous violations of probation, as well as his previous juvenile record, while discussing the State's plea offer. Thus, as in McDonald, there is nothing in the record to refute the presumption of vindictiveness.
"[I]n cases where an unrebutted presumption of judicial vindictiveness arises ... the appropriate remedy is resentencing before a different judge." Wilson v. State, 845 So.2d 142, 159 (Fla.2003). "The trial judge presiding over the resentencing should comply with Florida Rule of Criminal Procedure 3.700(c)(1) by becoming `acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.'" Id. at n. 10, 845 So.2d at 159.
Reversed and remanded for resentencing.
WHATLEY and STRINGER, JJ., Concur.