849 So.2d 381 (2003)
Faustino BLANCO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1875.
District Court of Appeal of Florida, Third District.
June 11, 2003.
*382 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Andrea D. England, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J.[*], and GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
Faustino Blanco appeals from an order sentencing him to ten years in prison as a habitual felony offender. For the following reasons, we reverse.
Blanco was charged with one count of third degree theft of an automobile. The court offered Blanco a plea offer of 366 days, well below the guidelines, all credit time served, in exchange for a guilty plea on the aforementioned charge and a charge that was pending in another case. Blanco rejected this offer. The transcript of the proceedings shows that the following took place just prior to the commencement of jury selection:
COURT: This is Faustino Blanco which is before the Court. And I think this is going to be the case for trial. We have a jury that is waiting outside on 01-13563.
PUBLIC DEFENDER: The charge of grand theft.
COURT: Grand theft auto, correct.
PUBLIC DEFENDER: Correct. Page 27.
COURT: The guidelines of the defendant is 39 months, ten years at the top. And there has been a notice of enhancement filed in this case?
PROSECUTOR: Correct, Your Honor. As a habitual offender.
COURT: And he was offered to close both of the cases out 366, is that correct?
PROSECUTOR: At one point the Court has offered 366 and I believe he rejected that.
COURT: We are going to find out now. Swear Mr. Blanco in.
[Defendant sworn in and gives his name]
COURT: All right. Now, you have two cases before this Court Mr. Blanco ... On the [01-12333] case, you are looking at the bottom of the guidelines 31 months at the bottom and 5 years at the top. And on the 01-13563 which the State of Florida has filed seeking to treat you as an habitual offender, you are looking at the bottom 39 months State penitentiary and possible maximum is ten years as a habitual felony offender?
PROSECUTOR: That's correct.
COURT: My understanding is this Court has made you an offer of 366 all credit time served concurrent on both case are you aware of that, sir?
DEFENDANT: Witness nods.
COURT: You need to speak out loud.
DEFENDANT: No, I am not taking no 366.
COURT: I am not asking you that. I am asking you are you aware that this court has made an offer of 366 days in the State penitentiary, all credit time served, are you aware of that?
DEFENDANT: Yes.
COURT: And you had an opportunity to discuss [the offer] with your lawyer. Is that correct?
DEFENDANT: Yes.

*383 COURT: Okay. And you have decided to reject that offer and you want a trial. Is that correct, sir?
DEFENDANT: Yes.
PROSECUTOR: Your Honor, so that he knows once a jury is brought down the offer is off the table.
PUBLIC DEFENDER: That's the Court offer anyway.
COURT: It's still off the table. He has rejected it. It's been offered before. There is nothing new.
Jury selection commenced. The following morning, Blanco, having a change of heart, indicated that he wanted to accept the plea offer of 366 days. In response, the trial court said:
I took the time before starting to go over jury selection as to whether you desire to take the Court's offer which is a below the guidelines plea. You have made it very clear to this Court that you wanted your day in Court and that's exactly what you have.
The court then extended the following offer to close out the case:
The bottom of the guidelines of 39.15 months, that will be as an habitual felony offender.... And if you are inclined to plead guilty as a matter to close both cases I will offer you the 39.15, concurrent as an H.O. on one and no classification on the other, with all credit time served. That's it sir. If you don't we have a jury. We will go forward.
Blanco rejected this offer as well. The jury returned a verdict of guilty as charged and the court sentenced Blanco to the statutory maximum of ten years as a habitual felony offender. At the sentencing hearing, the trial court indicated that when she extended the original offer, she was unaware of the facts of the case. We reverse the sentence of ten years.
We agree with Blanco that the ten year sentence is vindictive. In the context of sentencing, "the word `vindictive' has lost its dictionary definitions.... The sentencing term `vindictive' has become a `term of art,' describing the legal effect of a given objective course of action, generally not implying any personal or subjective animosity on the part of the trial judge." Nairn v. State, 837 So.2d 519, 520 (Fla. 3d DCA 2003).
Recently, in Wilson v. State, 845 So.2d 142 (Fla.2003), the Supreme Court of Florida held that the district courts should look at the totality of circumstances when determining whether a defendant's constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea discussions which included the trial court's participation. Specifically, the court held that:
[j]udicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a `reasonable likelihood' that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial (citation omitted). The other factors that should be considered include but are not limited to: (1)whether the trial judge initiated the plea discussions with the defendant in violation of Warner[*]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter *384 by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial (footnote omitted); (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing (footnote omitted).
Id. at 156.
Here, the trial court made an extremely lenient offer without being familiar with the facts of the case and ultimately sentenced the defendant to the statutory maximum. That the court was admittedly unfamiliar with the facts at the time of the pre-trial offer leads to the inescapable conclusion that the offer hinged upon future procedural choices, as prohibited by Warner. Moreover, apart from a brief mention of the sheer volume of Blanco's priors, information that was readily available pre-trial, the court failed to explain the reasons for the significant disparity between the pre-trial offers and the sentence imposed. We think that under the totality of these circumstances, there is a reasonable likelihood that the harsher sentence was imposed in retaliation for Blanco exercising his right to proceed to trial. Although Blanco is no longer entitled to the offer which he originally rejected, he is entitled to be re-sentenced by a different judge. Id. at 156.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
NOTES
[*] Chief Judge Schwartz did not hear oral argument.
[*] In State v. Warner, 762 So.2d 507 (Fla.2000), the court held that a judge may participate in, without initiating, the plea dialogue. However, the court can "neither state nor imply alternative sentencing possibilities which hinge upon future procedural choices, such as the exercise of a defendant's right to trial." Id. at 514.