863 So.2d 407 (2003)
Ricardo DOMINGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3083.
District Court of Appeal of Florida, Third District.
December 31, 2003.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for Appellant.
Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for Appellee.
Before SCHWARTZ, C.J., and GERSTEN, and WELLS, JJ.
PER CURIAM.
The defendant appeals his conviction and sentence for aggravated assault. We affirm the conviction but reverse the sentence.
The defendant was charged with two counts of aggravated assault and one count of resisting arrest. At the time of his *408 arrest, he was on probation and was subsequently charged with violating it. At the start of his probation violation hearing, the trial court inquired if there was a plea offer. The prosecutor responded that the offer was 39.52 months as an habitual felony offender which would resolve both cases. The defendant turned down the plea offer.
The trial court sentenced the defendant to five years for violation of his probation. The trial court then questioned the defendant to see whether it could dispose of the substantive case. The trial court informed the defendant that the minimum guideline sentence was 4.41 years. It appears the trial court was willing to offer the defendant a sentence of 4.41 years to run concurrent with his probation violation sentence, if he pled guilty. The defendant again turned down the plea offer. Prior to trial, one of the counts for aggravated assault was nolle prossed when one of the alleged victims could not be found for trial.
The case proceeded to trial, and the jury convicted the defendant of one count of aggravated assault but acquitted him of the count of resisting an officer. The trial court sentenced the defendant to seventeen years in prison as an habitual felony offender followed by five years of probation. We agree that the seventeen-year sentence was vindictive.
In Wilson v. State, 845 So.2d 142 (Fla.2003), the Supreme Court held that district courts should employ a totality of the circumstances review when determining "whether a defendant's constitutional right to due process of law was violated by the imposition of an increased sentence after unsuccessful plea discussions in which the trial judge participated." Wilson, 845 So.2d at 156. The Supreme Court outlined several factors that should be considered in determining whether there is a reasonable likelihood that the harsher sentence was imposed in retaliation for the defendant not pleading guilty. These factors include: judicial participation in plea negotiations followed by a harsher sentence; the trial court's initiation of the plea discussions; an appearance of the trial court's departure from his role as an impartial arbiter; the disparity between the plea offer and the ultimate sentence imposed; and the lack of any facts on the record that explain the reason for the increased sentence other than the defendant exercising his or her right to trial. Wilson, 845 So.2d at 156.
Several of these factors are present in this case. The trial court participated in plea negotiations and offered the defendant a plea of 4.41 years prior to trial. One of the counts was nolle prossed prior to trial and the jury acquitted the defendant of a second count, yet the trial court imposed a seventeen-year sentence. The reasons for the disparity between the state's original 39.53 month plea offer, the court's subsequent 4.41 year offer and the seventeen-year sentence imposed by the court are not apparent from the record. Under the totality of the circumstances, there is a reasonable likelihood that the harsher sentence was imposed in retaliation for the defendant exercising his right to proceed to trial. See Blanco v. State, 849 So.2d 381 (Fla. 3d DCA 2003). The defendant is entitled to be resentenced by a different judge.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.