884 So.2d 535 (2004)
Michael D. CAMBRIDGE, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3347.
District Court of Appeal of Florida, Second District.
October 13, 2004.
*536 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Michael D. Cambridge, Sr., appeals his conviction and sentence for firing into a vehicle. We conclude that the issues raised by Cambridge with respect to his conviction do not have merit; we affirm the conviction without further comment. But Cambridge's claim that his sentence was vindictive has merit; we reverse the sentence and remand for resentencing.

Background
Cambridge contends that he was subjected to vindictive sentencing because the trial court offered him a sentence of time served if he would enter a guilty plea but imposed a sentence of seven yearsconsecutive to a prior fifteen-year sentence in an unrelated caseafter Cambridge rejected the plea offer, went to trial, and was convicted by the jury. At the trial, Cambridge represented himself, assisted by standby counsel.
The parties offer no transcript of any contemporaneous plea offer to Cambridge. The record on this issue consists of the transcribed statements by the court just prior to the trial. In the presence of the prosecutor and standby counsel, but apparently not Cambridge, at various times in colloquy the trial judge made the following statements:
What's the minimum guidelines on this case? I'll offer him whatever the minimum is. I tried to get him to take time served.
. . . .
. . . He didn't want it. I tried to get them to reduce it to a misdemeanor because he already had 15 in [Cambridge's sentence in the unrelated case], and they wouldn't do it.
. . . .
. . . I have been beating my head to try and get them to offer a misdemeanor. I didn't offer him 15 concurrent. I said I would find a way to depart and give him time served if he wanted to enter a plea. I don't think he's interested. He wants his trial.
. . . .
. . . 20.4 [months]. He probably got more than that done or close to that done. I could offer him time served, but I don't think he's interested.
. . . .
. . . I don't care. I'll do a withhold time served to solve the problem, but I don't think he will. If he will, great. They won't reduce it to a misdemeanor so he's pleading to a felony, and that has always been his problem. But I would offer him a withhold and time served, rather than sit here all day.
Discussing Cambridge's request for a continuance and the possibility of Cambridge's accepting representation by counsel, the court stated to Cambridge and standby counsel: "If you continue this until December, you would have 20 months in and I can offer withhold and time served under the . . . and it would have to be a *537 guideline sentence if we are doing that, right?" Later in the colloquy, the court stated:
We have had a number of pretrial dates, four trial dates. We have attempted to put this thing together. We have spent untold amounts of time and money, and I've been on both the State and you to get this resolved. I've been trying to get the State to offer a misdemeanor, so we could get it resolved. They didn't. I, myself, offered a withhold and time served to get it resolved, and you didn't want to because of the appeal. So, despite my best efforts, I have been ordered to get this resolved by either side.

Analysis
"[A] totality of the circumstances review... is the ... appropriate analysis to employ to determine whether a defendant's constitutional right to due process of law was violated by the imposition of an increased sentence after unsuccessful plea discussions in which the trial judge participated." Wilson v. State, 845 So.2d 142, 156 (Fla.2003). A presumption of vindictiveness arises where "there is a `reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (citations omitted); see also Wilson, 845 So.2d at 156 (citing Smith).
In determining whetherbased on the totality of the circumstancesa sentence was vindictive, "[j]udicial participation in plea negotiations followed by a harsher sentence is one of the circumstances" which must be considered. Wilson, 845 So.2d at 156. Other pertinent circumstances include but are not limited to:
(1) whether the trial judge initiated the plea discussions with the defendant in violation of [State v.] Warner [, 762 So.2d 507 (Fla.2000)][1]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Id. (footnote omitted). Where the trial judge "by his or her comments appears to have departed from the role of a neutral arbiter" such conduct in itself "may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption." Id. The "general rule" is that it is improper for the judge "to advocate for a plea offer." Id. "When the trial judge becomes an advocate for a plea ... the trial judge runs the risk of departing from its critical role as a neutral arbiter." Id. at 156-57.
A showing of vindictiveness thus does not require that the trial judge affirmatively intended to punish the defendant for rejecting a plea. "`[V]indictive' in this context is `simply a term of art which *538 expresses the legal effect of a given objective course of action, and does not imply any personal or subjective animosity between the court [] and the defendant.'" Harris v. State, 845 So.2d 329, 331 (Fla. 2d DCA 2003) (quoting Frazier v. State, 467 So.2d 447, 449 n. 4 (Fla. 3d DCA 1985)); accord Blanco v. State, 849 So.2d 381, 383 (Fla. 3d DCA 2003).
In the instant case, it is not clear that the court initiated plea discussions. Nor is it even alleged that the court ever stated to Cambridge that there would be any sentencing repercussions if the plea offer was rejected and Cambridge was convicted at trial. But the record demonstrates not only a great "disparity between the plea offer and the ultimate sentence imposed," but also a departure by the trial judge from his "role as an impartial arbiter" evidenced by the judge's "urging the defendant to accept a plea." Wilson, 845 So.2d at 156. It is undisputed that at some point the court made an extremely lenient offer of a sentence of time served and attempted to persuade Cambridge to accept that offer. The court's determined and vigorous efforts to arrange a plea and thereby avoid going to trialefforts that are entirely inconsistent with the court's role as a neutral arbiterwarrant a presumption of vindictiveness with respect to the seven-year sentence imposed after Cambridge elected to go to trial. Furthermore, the presumption remains unrebutted. The record contains no explanation of the grounds for the sentence other than the nature of the crime committed, which generally was known to the court prior to the trial. There is thus a "lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his ... right to a trial." Id. at 156.

Conclusion
Based on these circumstances, we conclude that the sentence was imposed in violation of Cambridge's due process rights and must be reversed. Cambridge's conviction is affirmed, his sentence is reversed, and the matter is remanded to the trial court for resentencing before a different judge. See Wilson, 845 So.2d at 159; Harris, 845 So.2d at 331.
Conviction affirmed; sentence reversed; case remanded for resentencing.
NORTHCUTT and WALLACE, JJ., Concur.
NOTES
[1] The court in State v. Warner, 762 So.2d 507, 513 (Fla.2000), stated: "The trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party."