903 So.2d 363 (2005)
Fred HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-569.
District Court of Appeal of Florida, Second District.
June 15, 2005.
*364 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Fred Harris appeals his sentences for sale of cocaine and possession of cocaine following a jury trial. He argues that the trial court's imposition of a sentence which was harsher than the court's pretrial plea offer was vindictive. We agree and reverse and remand for resentencing because the State has failed to overcome the presumption of judicial vindictiveness raised by the trial court's involvement in the plea process.
On the day of Harris's trial, but before jury selection, defense counsel reminded *365 the court that it had previously offered Harris thirty-six months for all charges that were pending at pretrial. Counsel explained that he had advised Harris to take the offer, but Harris insisted that he wanted a trial. In response to defense counsel's request that the court repeat the plea offer to Harris on the record, the court stated:
THE COURT: How's that going to look eventually on appeal if nothing to this point has made him want to enter a plea? The judge goes aggressively towards the plea, doesn't get it, goes to trial and gets ripped for 20 years? Then what? The judge would be vindictive `cause he wouldn't take his plea offer on the morning of trial?
MR. HOLLOWAY: I can't guarantee what he is or isn't going to do.
THE COURT: You know, they have taken it out of my hands, as far as trying to suggest to people what's in their best interest for people that are recalcitrant. That's fine, that's what they have decided. What you have done, if you get involved and try to suggest to somebody, they're saying you're coming away from the neutral and detached magistrate you should be in these circumstances.
MR. HOLLOWAY: I tend to agree. Perhaps there is a balance that can be struck, if the Court is concerned about being too strong or aggressive in it's [sic] approach with my client.
THE COURT: I'm just going to bring him in and tell him what the situation is.
MR. HOLLOWAY: And that's really what I am requesting that we have on the record, that he is making a very knowing and intelligent decision to proceed to trial.
THE COURT: Yes. I think I'll do that, but I'm just going to approach it in those terms. If there's any issues later on about whether he, for purposes of a plea-did you offer the 36, or did I?
MS. THOMPSON: No, you did.
. . . .
THE COURT: The offer was 36 from the Court concurrent on everything, with credit. . . . You have explained to him that the possible penalties on the sale is up to 15 years, and the two possessions up to five each; right?
MR. HOLLOWAY: Yes, I have.
THE COURT: For a total of 25.
MR. HOLLOWAY: Yes.
. . . .
THE COURT: Mr. Harris have any prior record?
MS. THOMPSON: Yes he does, Your Honor.
THE COURT: How many felonies or crimes involving dishonesty or false statement?
MS. THOMPSON: 11 felonies.
. . . .
THE COURT: All right. Do you understand that if you go, you're exercising your right, you have told Mr. Holloway, that you wanted to go to trial on the case?
HARRIS: Yes, sir.
. . . .
THE COURT: All right. Mr. Harris has indicated he's had the advice of counsel, had enough time to talk about it, has no questions, and wants to move forward to trial. So soon as I finish the motion calendar we will bring him in, start picking a jury. All right. Thank you.
Following the jury verdict finding Harris guilty as charged, the trial court sentenced him to ten years' imprisonment for sale of cocaine and to a concurrent term of five years' imprisonment for possession of cocaine. On appeal, Harris argues that *366 the sentences imposed by the trial court were vindictive because Harris rejected the court's offer of thirty-six months and exercised his right to trial.
Appellate courts should look at the totality of the circumstances when determining whether a defendant's constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations in which the trial court participated. Wilson v. State, 845 So.2d 142, 156 (Fla.2003). Factors that should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not entering a plea and instead exercising his right to trial are: (1) whether the trial judge initiated the plea discussions; (2) whether the trial judge appears to have departed from his role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence, other than that the defendant exercised his or her right to a trial or hearing. Id. at 156. A showing of vindictiveness in sentencing does not require that the trial judge intended to punish the defendant for rejecting a plea. Cambridge v. State, 884 So.2d 535, 537 (Fla. 2d DCA 2004). Rather, "vindictive" is a term of art which expresses the legal effect of a given course of action, viewed objectively, and does not imply any personal animosity between the court and the defendant. Id. at 537-38; Harris v. State, 845 So.2d 329 (Fla. 2d DCA 2003).
In considering the factors listed in Wilson, it is apparent that the trial judge in this case initiated the plea discussions with Harris, that he departed from his role as an impartial arbiter, and that there was a large disparity between the thirty-six-month plea offer and the ten and five-year sentences that he ultimately imposed. The presumption of judicial vindictiveness arose from a showing of these factors. Wilson, 845 So.2d at 156. The burden then shifted to the State to dispel the presumption. Id. The State has brought to light no new facts to warrant the trial court's imposition of a harsher sentence than offered pretrial.
In addition, this court has no way of evaluating the "totality of the circumstances" of the court's plea offer. Here, the offer was made known only because defense counsel requested that the court place the offer on the record along with defense counsel's recommendation that Harris enter a plea rather than proceed to trial. The trial court's failure to make its original offer on the record is a violation of State v. Warner, 762 So.2d 507 (Fla.2000), wherein the supreme court specifically stated that "[a] record must be made of all plea discussions involving the court." Id. at 514. See Correa v. State, 892 So.2d 1067 (Fla. 2d DCA 2004).
The State argues that any error was invited because it was only at defense counsel's insistence that the court made a record of the plea offer. In fact, the record shows that the trial court was reluctant to do so. However, as the State points out, the trial court's reluctance to make such a record was because of its fear that if it imposed a harsher sentence after trial these very grounds for appeal would arise.
Thus, because there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for Harris's exercise of his right to a trial, we reverse and remand for resentencing before a different *367 judge. See Wilson, 845 So.2d at 159 (holding that in cases where an unrebutted presumption of judicial vindictiveness arises from a judge's imposition of a harsher sentence following trial than was contemplated in failed plea negotiations in which judge participated, the appropriate remedy is resentencing before a different judge).
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.