903 So.2d 383 (2005)
Eddie L. PACE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3012.
District Court of Appeal of Florida, Second District.
June 17, 2005.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
*384 Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Eddie Pace appeals a judgment for lewd and lascivious molestation and his sentence of twenty years' imprisonment. We affirm the conviction without further comment. We reverse the sentence and remand for resentencing before a different circuit court judge.
Prior to trial, the judge conducted a hearing regarding the admissibility of certain Williams[1] rule evidence. During this hearing, the trial judge was apprised of the circumstances regarding Mr. Pace's current offense and prior similar conduct by Mr. Pace for which he was never charged. Mr. Pace had no other criminal record. At the conclusion of this hearing, the trial judge initiated plea negotiations with Mr. Pace contrary to the directive in State v. Warner, 762 So.2d 507, 513 (Fla. 2000). The majority of this discussion occurred "off the record." However, it is undisputed that the trial judge offered to sentence Mr. Pace to twelve years' imprisonment if he agreed to enter a plea of guilty regarding this offense. Mr. Pace refused the offer and proceeded to trial. When the jury returned a verdict of guilty, the trial judge imposed a twenty-year sentence. There is nothing in the record to indicate why the sentence imposed was harsher than the sentence offered by the trial judge prior to Mr. Pace exercising his right to a jury trial. Mr. Pace maintains that the sentence is vindictive. The totality of these circumstances leads us to conclude that Mr. Pace is entitled to relief pursuant to Wilson v. State, 845 So.2d 142, 156 (Fla.2003). We therefore reverse the sentence imposed and remand for resentencing before a different circuit court judge. Id. at 159.
Conviction affirmed; sentence reversed; case remanded for resentencing.
SILBERMAN and WALLACE, JJ., Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).