COPE, C.J.
Ricardo Dominguez appeals an order re-sentencing him after his previous sentence was found to be vindictive. We remand for a new sentencing proceeding.
After his conviction of aggravated assault on a police officer, defendant-appellant Dominguez appealed to this court. The defendant had been sentenced to seventeen years incarceration as a habitual felony offender (“HFO”), followed by five years of probation (“the seventeen-year split sentence”). This sentence was consecutive to the sentence imposed in the defendant’s violation of probation case. For the reasons spelled out in this court’s opinion, the court concluded that the seventeen-year split sentence was vindictive. Dominguez v. State, 863 So.2d 407 (Fla. 3d DCA 2003). This court remanded for re-sentencing by a different judge. Id. at 408.
On remand, the State requested that the successor judge impose an even greater sentence, arguing that the defendant should be sentenced to the legal maximum of thirty years incarceration as an HFO. The trial court agreed with State in part, and resentenced the defendant to an increased sentence of twenty years as an HFO, followed by five years of probation (“the twenty-year split sentence”).
On motion by the defense, the court concluded that in the absence of any new facts or circumstances, the court could not impose a sentence greater than the original sentence. The court vacated the twenty-year split sentence and scheduled a new sentencing hearing.
In the meantime the defendant had through administrative error been returned to the state prison system. Rather than conduct a new sentencing hearing, the court simply reimposed the predecessor judge’s seventeen-year split sentence. The defendant has appealed.
The State concedes that once the successor judge vacated the twenty-year split sentence it was necessary for the successor judge to conduct a new sentencing hearing at which the defendant was *60 entitled to be present and represented by counsel. We agree. Accordingly, we reverse the sentencing order and remand for a new sentencing hearing.
The defendant has requested re-sentencing before a different judge, because (as stated earlier in this opinion), the successor judge imposed the twenty-year split sentence which, under applicable law, amounted to a vindictive sentence. The successor judge commendably recognized the error and vacated the sentence. However, under Wilson v. State, 845 So.2d 142 (Fla.2003), the defendant is entitled to re-sentencing by a different judge on remand from this appeal.
The defense also asks this court to rule that on remand, the new successor judge cannot reimpose the predecessor judge’s seventeen-year split sentence unless the successor judge is able to point to facts and circumstances which were not known to the predecessor judge. The defendant reasons that on the prior appeal, this court held that the seventeen-year split sentence was vindictive and this holding has become the law of the case. The defense argues that the remedy for vindictive sentencing will be entirely illusory if a successor judge is permitted to impose the identical sentence on remand without stating a justification consisting of facts and circumstances unknown to the predecessor judge.
While there is considerable force to the defendant’s argument, we find it foreclosed by the language of Wilson. There the Florida Supreme Court said:
However, the reason for the original plea offer and any “new facts” that may have come to light are relevant only when considering the defendant’s claim that the sentence imposed was vindictive and should be vacated. The information has no bearing on a resentencing proceeding because the resentencing places the defendant in the same position he or she would have been in if the plea discussions had never occurred — before a neutral arbiter to receive a lawful sentence.
845 So.2d at 158-59. See also Smith v. State, 842 So.2d 1047, 1049 n. 3 (Fla. 3d DCA 2003).
As we understand the intent of the Florida Supreme Court, the successor judge is to conduct a de novo sentencing hearing at which the successor judge is to grant no deference whatsoever to any of the sentencing proceedings which took place before the predecessor judge.
In this case the defendant was on probation and committed a new crime. The probation revocation hearing took place first. During the probation revocation hearing, the predecessor judge heard all of the facts and circumstances regarding the new criminal conduct. The predecessor judge revoked the probation and imposed sentence. At that time the predecessor judge also offered the defendant a plea bargain on the new substantive case. That offer was 4.41 years (apparently as an HFO) concurrent with the sentence on the probation violation. Dominguez, 863 So.2d at 408. The defendant turned down the plea offer and proceeded to trial. After trial the predecessor judge imposed the seventeen-year split sentence. This court held the seventeen-year split sentence to be vindictive.
Under the circumstances present here, the predecessor judge on two separate occasions stated that two very different sentences were appropriate for the same conduct. Immediately after the probation violation hearing, the court concluded that 4.41 years as an HFO was appropriate. After a trial in which no new facts emerged, the predecessor judge imposed *61 the seventeen-year split sentence (as an HFO).
We understand the Supreme Court’s intention here to be that the successor judge will give no deference to the sentences previously proposed, or imposed, by the predecessor judge. Instead, the Supreme Court contemplates that the successor judge will approach the matter as if the prior plea negotiations and sentencing had never occurred, and make a completely independent sentencing judgment.
For the stated reasons, the sentencing order now before us is reversed and the cause remanded for a new sentencing hearing before a different judge.