MORRIS, Judge.
 

 Maximiuano Mendez appeals his sentence of five years in prison imposed after the revocation of his probation for the offense of felony battery. We reverse and remand for further proceedings.
 

 Mendez originally pleaded no contest to the offense of felony battery in exchange for five years’ probation. An affidavit of probation was then filed charging Mendez with violating his probation by fading to report to the probation office upon his release from jail. At the beginning of the violation hearing, defense counsel stated:
 

 And, Judge, just for the record, I did explain to my client what the State’s offer was. I explained to him that the Court’s one-day offer was not extended to him today.
 

 The Court offered, as you may recall, three and a half years, the State offered him four. He understands that the maximum he could receive is five years. He does not score for prison if you look at the sentencing scoresheet.
 

 With that in mind, he did appear to understand, to me at least, what the interpreter was telling him. He indicated that he did wish to have a hearing. ...
 

 The trial court confirmed with Mendez that Mendez was rejecting the State’s offer of four years and proceeding to an eviden-tiary hearing. After the evidentiary hearing, the trial court found Mendez in violation of his probation, adjudicated him guilty, and sentenced him to five years in prison.
 

 During the pendency of this appeal, Mendez filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), claiming that his five-year sentence is punishment for exercising his right to an evidentiary hearing on the charged violation of proba
 
 *950
 
 tion. He stated that he sought a transcript of the plea discussions involving the trial court but found that no such record exists. The trial court did not rule on Mendez’s motion; therefore, it is deemed denied.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2)(B), (b)(1)(B).
 

 On appeal, Mendez asserts the same challenge to his sentence. He contends that a presumption of vindictiveness arose and that it was not rebutted by the record. He argues that he is entitled to resentencing by a different judge. Mendez recognizes that no objection was raised below at the sentencing hearing but asserts that the issue was preserved in his rule 3.800(b)(2) motion.
 

 We first note that rule 3.800(b)(2) is not the proper mechanism for Mendez’s challenge to his sentence; such an error is not a “sentencing error” because it occurs during the sentencing process and is not an error in an order entered as a result of the sentencing process.
 
 See Jackson v. State,
 
 983 So.2d 562, 572, 574 (Fla.2008);
 
 Hannum v. State,
 
 13 So.3d 132, 135 (Fla. 2d DCA 2009).
 
 [1]
 
 Our analysis does not end here, however, because imposition of a vindictive sentence is fundamental error that may be raised for the first time on appeal.
 
 See McDonald v. State,
 
 751 So.2d 56, 58 (Fla. 2d DCA 2000).
 

 “Appellate courts should look at the totality of the circumstances when determining whether a defendant’s constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations in which the trial court participated.”
 
 Harris v. State,
 
 903 So.2d 363, 366 (Fla. 2d DCA 2005) (citing
 
 Wilson v. State,
 
 845 So.2d 142, 156 (Fla.2003)).
 

 Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a “reasonable likelihood” that the harsher sentence was imposed in retaliation for the defendants] not pleading guilty and instead exercising his or her right to proceed to trial. The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of
 
 [State v. Warner,
 
 762 So.2d 507, 514 (Fla.2000) ]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
 

 Wilson, 845
 
 So.2d at 156 (footnote and citation omitted). “A presumption of vindictiveness arises where ‘there is a “reasonable likelihood” that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority.’ ”
 
 Cambridge v. State,
 
 884 So.2d 535, 537 (Fla. 2d DCA 2004) (quoting
 
 Alabama v. Smith,
 
 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)). The
 
 *951
 
 term
 
 vindictive
 
 — when used in the context of a claim of vindictive sentence — “is a term of art which expresses the legal effect of a given course of action, viewed objectively, and does not imply any personal animosity between the court and the defendant.”
 
 Harris,
 
 903 So.2d at 366.
 

 In this case, the trial court’s plea offer appears to have been made off the record, in violation of the supreme court’s holding in
 
 Warner
 
 that “[a] record must be made of all plea discussions involving the court.” 762 So.2d at 514. Without a complete record of the plea discussions, this court has no way of knowing with certainty the extent to which the trial court was involved in such discussions.
 
 See Harris,
 
 903 So.2d at 366 (reversing sentence because an un-rebutted presumption of vindictiveness arose but recognizing that this court had “no way of evaluating the ‘totality of the circumstances’ of the court’s plea offer” where the trial court made the original plea offer off the record, in violation of
 
 Warner).
 
 However, it is clear from the record that the trial judge participated in plea negotiations by making an offer of three and one-half years in prison, and it appears that the trial court made its offer prior to the State’s offer, indicating that the trial court initiated the plea discussions.
 

 The nature of the offer may have implied to Mendez that his ultimate sentence would hinge on his future choice to proceed to an evidentiary hearing. Mendez’s sentence is the maximum sentence permitted for the charged offense and is one and one-half years longer than that offered by the trial court prior to the violation hearing.
 
 See Longley v. State,
 
 902 So.2d 925, 928 (Fla. 5th DCA 2005) (holding that an imposed sentence of two and one-half years in prison was “much harsher” than the offered sentence of six months in jail).
 
 But see Mounds v. State,
 
 849 So.2d 1170, 1172 (Fla. 4th DCA 2003) (on motion for rehearing) (“[TJhe disparity between the offer and the actual sentence, while significant, was not extreme, 105.25 months versus 60 months.”).
 

 Last, there are no facts on the record that explain the trial court’s reason for imposing the increased sentence. Before imposing sentence, the trial court noted that the probable cause affidavit for the felony battery stated that Mendez “stabbed the victim in the back with a butcher knife.” However, this information did not come to light during the violation hearing but was part of the record existing before the hearing.
 
 See Cambridge,
 
 884 So.2d at 538 (holding that the presumption of vindictiveness remained unrebutted because the “record contain[ed] no explanation of the grounds for the sentence other than the nature of the crime committed, which generally was known to the court prior to the trial”).
 

 In light of the above circumstances, there is an unrebutted presumption that the harsher sentence was imposed because Mendez exercised his right to a violation hearing.
 
 See Harris,
 
 903 So.2d at 366;
 
 Pace v. State,
 
 903 So.2d 383, 384 (Fla. 2d DCA 2005) (reversing and remanding for resentencing because totality of the circumstances indicated a vindictive sentence: trial judge initiated plea discussions off the record, trial judge offered a twelve-year sentence but imposed a twenty-year sentence after trial, and nothing in the record explained the reason for the harsher sentence). Accordingly, we reverse and remand for resentencing before a different judge.
 
 See Wilson,
 
 845 So.2d at 159;
 
 Harris,
 
 903 So.2d at 366-67.
 

 Reversed and remanded.
 

 NORTHCUTT and KHOUZAM, JJ., Concur.
 

 [1]
 

 . We recognize that our prior holding in
 
 Harley v. State,
 
 924 So.2d 831, 832 (Fla. 2d DCA 2005), that a vindictive sentence claim may be preserved for appeal in a motion to correct sentencing error is no longer good law in light of
 
 Jackson,
 
 983 So.2d 562.
 
 See Hannum,
 
 13 So.3d at 135 n. 1.