ALTENBERND, Judge.
Tod Redman Stewart appeals his judgment and sentence for second-degree felony robbery entered upon a jury’s guilty verdict. The only issue raised in this appeal concerns whether Mr. Stewart’s constitutional right to due process was violated by the imposition of an increased sentence after unsuccessful plea negotiations in which the trial court participated. Prior to trial, the court offered Mr. Stewart a five-year term of imprisonment. After trial, the court imposed the maximum sentence of fifteen years’ imprisonment. The State candidly concedes error. The State’s concession of error is proper given that under the totality of the circumstances in this case there is a “reasonable likelihood” that the harsher sentence was imposed because Mr. Stewart insisted on proceeding to a jury trial, at which he represented himself, rather than accepting the trial court’s pretrial plea offer. See Harris v. State, 903 So.2d 363, 366 (Fla. 2d DCA 2005); Cambridge v. State, 884 So.2d 535, 537-38 (Fla. 2d DCA 2004). Accordingly, we affirm the judgment, reverse the sentence, and remand for resentencing before a different judge.
Judgment affirmed; sentence reversed; case remanded for resentencing.
SILBERMAN, C.J., and WALLACE, J., Concur.