IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JULIO CESAR CATALA NUNEZ,

      Appellant,

v.                                Case No.  5D15-855

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 20, 2016

Appeal from the Circuit Court
for Orange County,
Marc L. Lubet, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.


LAMBERT, J.

Following a jury trial, Appellant was convicted of attempted first-degree murder
with a weapon and aggravated battery causing great bodily harm.  He was sentenced to
serve life in prison for the attempted murder and a concurrent thirty years in prison for the

aggravated battery.[1]  In this appeal, Appellant does not challenge his convictions, but he argues that the trial court committed two fundamental errors in the sentencing process. First, Appellant asserts that the court imposed a vindictive sentence after he rejected the court's plea offer.  Second, Appellant alleges that the court improperly considered the "truthfulness" of Appellant's testimony at the sentencing hearing prior to imposing sentence.  Because the record establishes a presumption of vindictiveness in the court's sentences that has not been adequately rebutted, we vacate the sentences.[2]

"The issue of whether a defendant's sentence is vindictive is a question of law subject to de novo review."  *Simplice v. State*, 134 So. 3d 555, 556 (Fla. 5th DCA 2014) (citing *Baxter v. State*, 127 So. 3d 726, 734 (Fla. 1st DCA 2013)).  Moreover, the imposition of a vindictive sentence is fundamental error that may be raised for the first time on appeal.  *Rosado v. State*, 129 So. 3d 1104, 1109 (Fla. 5th DCA 2013); *Mendez v. State*, 28 So. 3d 948, 950 (Fla. 2d DCA 2005) (citation omitted).  "The term *vindictive*— when used in the context of a claim of vindictive sentence—'is a term of art which expresses the legal effect of a given course of action, viewed objectively, and does not imply any personal animosity between the court and the defendant.'"  *Mendez*, 28 So. 3d at 950–51 (quoting *Harris v. State*, 903 So. 2d 363, 366 (Fla. 2d DCA 2005)).  Whether a vindictive sentence was imposed requires appellate courts to examine the totality of the circumstances, as explained by the Florida Supreme Court in *Wilson v. State*, 845 So. 2d 142 (Fla. 2003):

---

[1] The jury also separately found that Appellant did not carry, display, use, threaten to use, or attempt to use a weapon during the commission of these crimes.

[2] As a result, the second issue is moot and we decline to address it.

2

> Judicial participation in plea negotiations followed by a harsher sentence is one of the circumstances that, along with other factors, should be considered in determining whether there is a "reasonable likelihood" that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial. *See [Alabama v.] Smith*, 490 U.S. [794,] 799 [(1989).]. The other factors that should be considered include but are not limited to: (1) whether the trial judge initiated the plea discussions with the defendant in violation of [*State v.*] *Warner*[, 762 So. 2d 507, 514 (Fla. 2000)]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

845 So. 2d at 156 (footnotes omitted).

In the present case, five days before trial, the court held a pretrial hearing, where the court extended to Appellant a thirty-year plea offer to settle the case and avoid trial. The court advised Appellant that, if he lost at trial, there was "certainly a possibility" that Appellant could receive a life sentence. The court stated that it had heard some of the facts of the case and knew that the victim: (1) suffered a "terrible, terrible" injury, (2) has a permanent colostomy, and (3) was stabbed four times in the chest and stomach. The court indicated that it was also aware of the existence of a video depicting Appellant running away from the crime scene with a knife and, while acknowledging that it did not know the defenses Appellant may raise at trial, the court observed that it "sounds like [the State has] a pretty strong case." The court reiterated to Appellant that, while thirty years in prison is a "long time," if Appellant received a life sentence, he "will die in prison" and

3

"will never see [his] family again as a free man." The court thereafter advised Appellant that the court had "sentenced a lot of people to life in prison for less than [the facts of this case]" and that if found guilty, Appellant would not be guaranteed a thirty-year sentence and could receive a life sentence. The court again observed that "this was a terribly aggravated situation" and that if Appellant had committed the acts as alleged by the State, then he had caused "serious permanent injury to another person [who] will never be the same again." The court further cautioned Appellant that things were "not going to get any better" and "very well could get a lot worse." Appellant did not accept the court's plea offer.

At the commencement of trial, the court again extended its thirty-year plea offer to Appellant, noting the possibility of a life sentence if convicted, which the court cautioned meant that Appellant would "die in the state penitentiary." Appellant was placed under oath and rejected the offer, testifying that he wanted to proceed with the jury trial because "I am innocent—it was self-defense."

Applying the four-part test described in *Wilson*, we conclude that Appellant is entitled to relief. First, the trial court made the plea offer.[3] Second, and as commendably conceded by the State in its answer brief, the trial court, by its comments, appeared to be strongly advocating for Appellant to accept its plea offer. The existence of these first two circumstances, followed by a harsher sentence after trial, is presumed to be vindictive. *See Rosado*, 129 So. 3d at 1109. Third, as also acknowledged by the State, the disparity between the pretrial offer and the sentence after trial is significant. *Cf. Evans v. State*,

---

[3] At the sentencing hearing, both the prosecutor and Appellant's trial counsel confirmed that the State had not made a plea offer to Appellant.

4

979 So. 2d 383, 386 (Fla. 5th DCA 2008) (reversing denial of defendant's motion for postconviction relief based on a claim of vindictive sentencing where trial court imposed life sentence after the defendant rejected court's thirty-year plea offer without explaining reason for the increased sentence). As to the fourth prong in *Wilson*, while the trial court did explain at the sentencing hearing that the increased sentence was based upon trial testimony evidencing the viciousness, aggressiveness, and senseless nature of the attack, we nevertheless conclude, in light of the existence of the other three factors under *Wilson* and the court's own statements at the pretrial hearing evidencing the court's awareness that this case involved a terribly aggravated situation which resulted in serious permanent injury to the victim, examining the totality of the circumstances, that the presumption of vindictive sentencing has not been overcome. Accordingly, we vacate Appellant's sentences and, as required by *Wilson*, remand for resentencing before a different judge.

CONVICTIONS AFFIRMED; SENTENCES VACATED; and REMANDED for resentencing.

PALMER and TORPY, JJ., concur.