NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CHRISTOPHER JAMES GRADY,     )
    )
    Appellant,     )
    )
v.     )     Case No. 2D16-3324
    )
STATE OF FLORIDA,     )
    )
    Appellee.     )
_____)

Opinion filed February 13, 2019.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Ashley Brooke Moody, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.

Christopher James Grady appeals the order that revoked his probation

based on his alleged commission of two new law offenses and his failure to comply with

the instructions of his probation officer. While the State proved that Grady twice

violated condition five of his probation by committing new law violations, it did not prove

that he violated condition nine by failing to comply with the instructions of his probation officer. Therefore, while we affirm the revocation of Grady's probation, we reverse the trial court's finding of a violation of condition nine and remand with instructions to strike the references to that violation in the revocation order. In all other respects, we affirm.

Grady was serving a term of twenty-four months' probation for a conviction of possession of cocaine. While Grady was serving that probationary term, officers obtained a search warrant for his residence after they received information from a confidential informant that drug sales were being conducted from that residence. The search pursuant to the warrant revealed quantities of both cocaine and marijuana, and the State subsequently charged Grady with possession of both drugs. Based on those new charges, the Department of Corrections filed an affidavit alleging that Grady had twice violated condition five of his probation by committing these new offenses.

While that affidavit was pending, Grady went to the probation office for his normal reporting visit, and his probation officer instructed him that he needed to provide a urine sample for drug testing. When Grady failed to provide a sufficient sample, the probation officer told him to stay at the office and drink water until he could provide a sufficient sample. After waiting at the office for several hours, Grady left without providing a sample. The Department then filed an amended affidavit that added the following additional charges:

> Violation of Condition (9) of the Order of Probation, by failing
> to comply with all instructions given to him by the probation
> officer, and as grounds for belief that the offender violated
> his probation, Office N. Watson states that on 05/03/2016,
> the offender was instructed to submit a urinalysis and the
> offender did fail to carry out this instruction by 05/03/2016,
> as evidenced by leaving the probation office before
> submitting.

> Violation of Condition (11) of the Order of Probation, by refusing to submit to random testing as directed by the officer or the professional staff of the treatment center where he is receiving treatment to determine the presence or use of alcohol or controlled substances, and as grounds for belief that the offender violated his probation, Officer N. Watson states that the offender refused to submit to a urinalysis test on 05/03/2016, as evidenced by the offender leaving the probation office before submitting.

As is clear, both of these additional charges alleged violations based on the same conduct, i.e., that Grady left the probation office without submitting the requested urine sample. The amended affidavit contained no allegations concerning any other conduct that would constitute a violation of either of these conditions, and the affidavit was never amended or supplemented to allege that any other behavior constituted a violation.

At the evidentiary hearing on the amended affidavit, Grady's probation officer testified that when Grady failed to provide a urine sample, she instructed him to stay and drink water until he could provide such a sample. She testified that Grady remained at the probation office for a period of time but then left without providing a sample. In defense, Grady testified that a male probation officer had accompanied him into the drug testing room to supervise him giving a sample when he first arrived. After Grady provided a small sample, that officer said that it was not a sufficient quantity for testing, poured out the sample Grady had given, and instructed Grady to stay and try again. Grady testified that he stayed for a while and drank some water but that he was dehydrated and so he could not provide another sample. He also testified that he was a diabetic who had other health problems, that he began feeling very ill as he waited because there was no food at the probation office, and that he finally left to go get some

- 3 -

food to avoid a diabetic incident. He also generally admitted to the facts concerning the new law offenses.

Based on this testimony, the trial court found that Grady had violated his probation by committing the new law offenses charged as violations of condition five. But the court found Grady not guilty of violating condition eleven because "he did give a sample, albeit, perhaps, not enough. So that one he's not guilty of." Despite this explicit finding, however, the court found Grady guilty of violating condition nine, which is based on the identical conduct as the alleged violation of condition eleven, i.e., "leaving the probation office before submitting." The court subsequently entered a written revocation order finding Grady in violation of conditions five and nine but not condition eleven. Grady now appeals the revocation of his probation, contending that the trial court's findings are not supported by the evidence presented.

As to the revocation based on the two violations of condition five, we affirm without further comment. However, we must reverse the trial court's ruling as to the alleged violation of condition nine because it is legally inconsistent with the court's finding of no violation of condition eleven. If, as the trial court explicitly found, Grady did not refuse to submit a urinalysis and therefore did not violate condition eleven by leaving the probation office without submitting one, then Grady could not have disobeyed the instructions of his probation officer based on those same allegations. Given the identical language in the affidavit concerning the conduct underlying both alleged violations, the trial court's finding that Grady was not guilty of violating condition eleven means, ipso facto, that he was not guilty of violating condition nine, and the court's ruling to the contrary must be reversed as unsupported by its factual findings.

We recognize, as the State argues, that there were facts developed at the evidentiary hearing that would have supported a conclusion that Grady violated other instructions of his probation officer. For example, the probation officer testified that she told Grady to drink water so that he could attempt to provide another sample, but he did not do so. Nevertheless, the affidavit did not identify this other conduct as the basis for the violation, and a revocation of probation cannot be based on conduct not charged in the affidavit. See McRae v. State, 88 So. 3d 384, 385 (Fla. 2d DCA 2012) (quoting Johnson v. State, 811 So. 2d 749, 750 (Fla. 2d DCA 2002)); Cherington v. State, 24 So. 3d 658, 660 (Fla. 2d DCA 2009) (quoting Parminter v. State, 762 So. 2d 966, 967 (Fla. 2d DCA 2000)). The fact that some testimony may have supported a conclusion that Grady may have violated other instructions given by his probation officer cannot support the finding of guilt when such other instructions were not alleged in the affidavit. Hence, this argument cannot support affirming the finding of a violation of condition nine.

Finally, on the issue of the proper scope of relief, Grady contends that the revocation order should be reversed and his case remanded for him to be reinstated to probation. However, this relief would be improper since the record supports the trial court's finding that Grady willfully and substantially violated his probation by committing two new offenses that constituted violations of condition five.

Moreover, this court need not reverse an order of revocation based on one unproven violation when the record establishes that the trial court would have revoked based on other proven violations. See Cherington, 24 So. 3d at 661. Here, the record is clear that the trial court would have revoked Grady's probation based solely on the

violations of condition five regardless of the improper finding as to condition nine. As the court stated:

> The most disturbing thing about all of this was that, after you got arrested initially in January, you requested a bond so you could get out and take care of your medical issues. I very rarely give bond on violations of probation cases. I very rarely do that, and so I acquiesce to you [sic] request, give you a bond, and what do you do? You get arrested on new drug charges while you're on probation for drug charges.

In light of this clear statement, we affirm the order of revocation but remand with instructions for the trial court to strike the references to condition nine in that order.

Affirmed and remanded with instructions.

LaROSE, C.J., and SLEET, J., Concur.