# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-1241
LT Case No. 2022-101830-CFDL

_____

BILLY PICKARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Volusia County.
Dawn D. Nichols, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison
Leigh Morris, Assistant Attorney General, Daytona Beach, for
Appellee.

August 1, 2025

PER CURIAM.

Appellant challenges his probation revocation and resulting
sentence. He argues that he did not willfully and substantially
violate probation and that his sentence is vindictive. On the first
point, we affirm but remand for the entry of a corrected revocation
order. On the second, we reverse and remand for resentencing.

## I.

As part of a plea agreement, Appellant received thirty months of probation. The State later alleged that he committed multiple violations. At the start of the violation hearing, Appellant's counsel said that Appellant was willing to admit the violations. After learning that the parties had not agreed to a sentence, the court said, "I'd be willing to do 24 months, otherwise let's go to hearing. I've got the probation officer here." Counsel began to suggest an alternative, saying "we'll split the difference between 24 and --" before the court replied, "If you can get it done in two minutes."

Following a sidebar discussion, the court said that Appellant was being "very unrealistic." It continued: "He's been completely unrealistic since day one. I've got the witnesses present. The State has got the witnesses present. And I'm ready to proceed with the hearing." The court reminded counsel that Appellant's scoresheet called for "at least 68 months" in prison and that his maximum sentence was life. At that point, Appellant sought one year in jail to be followed by two years of probation. The court rejected this proposal and started the hearing. Appellant seemingly tried to revive the court's offer, saying "I'll take it." The court rebuffed this attempt. It explained that counsel had done everything possible to help Appellant but that "clients don't always listen to good strong legal advice." It announced there would be "no more negotiations." It told counsel, "you've done everything you can for him. Now I need to let the State do their job."

The court heard testimony from Appellant, his probation officer, and a police officer who arrested him. Based on this testimony, the court found that Appellant violated conditions one (reporting to his probation officer), five (living without violating any law), and eleven (submitting to random drug testing). It sentenced him to twenty years in prison. According to the court, Appellant "just wasn't getting it."

## II.

A court may revoke probation when it finds, based on the greater weight of the evidence, that the probationer committed a willful and substantial violation. *See Knight v. State*, 187 So. 3d

307, 309–10 (Fla. 5th DCA 2016). On appeal, we review whether the court's finding is supported by competent substantial evidence. *Id.* at 310.

Competent substantial evidence supports the court's finding that Appellant violated conditions one and eleven. That is not true of condition five, which required him to live without breaking any law. The court found that he gave a false name to a police officer. But for that crime to occur, the defendant must give the false name *after* his lawful detention. *See* § 901.36(1), Fla. Stat. (2024); *Brevick v. State*, 965 So. 2d 1246, 1249 (Fla. 5th DCA 2007). Here, the arresting officer's testimony made it clear that Appellant gave a false name *before* entering lawful detention.

However, the legal insufficiency of the condition five finding does not merit reversal since the record shows that the court's revocation decision did not depend on condition five. *See Grady v. State*, 264 So. 3d 363, 366 (Fla. 2d DCA 2019). As such, we affirm revocation but remand for the entry of a corrected order reflecting that Appellant violated conditions one and eleven.* *See id.*

### III.

A vindictive sentence is fundamental error. *Nunez v. State*, 191 So. 3d 547, 548 (Fla. 5th DCA 2016). Whether a sentence is vindictive is a question of law that we review de novo. *Id.* (quoting *Simplice v. State*, 134 So. 3d 555, 556 (Fla. 5th DCA 2014)).

"When a trial court imposes a harsher sentence after participating in plea negotiations, the appellate court must review the totality of the circumstances to determine if the sentence is vindictive." *Simplice*, 134 So. 3d at 556. These circumstances

---

* In its oral pronouncement and sentencing order, the court found that Appellant violated conditions one, five, and eleven. However, its revocation order indicates that he violated conditions five, twelve, and special condition one. The oral pronouncement controls. *See Welch v. State*, 310 So. 3d 468, 468 (Fla. 2d DCA 2020). The revocation order also incorrectly states that Appellant admitted his violations.

3

include: (1) whether the court initiated plea discussions with the defendant, (2) whether the court appears to have departed from its impartial role by urging the defendant to accept a plea or by implying that going to trial would influence sentencing, (3) the disparity between the plea offer and the sentence imposed, and (4) the lack of any facts to explain the increased sentence other than the defendant exercising his right to a trial or hearing. *Id.* at 556–57 (quoting *Wilson v. State*, 845 So. 2d 142, 156 (Fla. 2003)).

The circumstances warrant reversal in this case. The court started plea discussions by offering a two-year sentence. It seemed receptive when counsel tried to modify this proposal, but it told counsel that he had to "get it done in two minutes." When those efforts failed, the court said that Appellant was being "very unrealistic" and that he had been "completely unrealistic since day one." The court said that witnesses were present and that it was ready to proceed with the hearing. It lamented that "clients don't always listen to good strong legal advice." After declaring there would be no more negotiations, the court commended counsel for doing everything possible for Appellant but explained that it had to "let the State do their job."

During Appellant's testimony later in the hearing, the court asked counsel, "do you really want to keep going down this road?" Moments later, the court imposed a sentence ten times longer than the one it suggested at the start of the hearing. It remarked that Appellant "just wasn't getting it." The court's sentencing order noted that Appellant's underlying offense was punishable by life. However, the court knew this fact when it proposed a two-year sentence. The same is true of Appellant's "numerous prior felony convictions," which the court cited when denying his motion for reconsideration. The bottom line is that nothing in the record—other than Appellant exercising his right to a hearing—explains the disparity between the two-year sentence that the court offered and the twenty-year sentence that it imposed less than an hour later.

IV.

In sum, we affirm the revocation of Appellant's probation. However, the court must enter a revocation order that correctly

4

identifies the two conditions that Appellant violated. We reverse Appellant's sentence and remand for him to be resentenced by a different judge. *See Nunez*, 191 So. 3d at 550.

AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.

JAY, C.J., and WALLIS and LAMBERT, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––