947 So.2d 531 (2006)
Renaud DEBUISSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1857.
District Court of Appeal of Florida, Third District.
December 20, 2006.
Thomas John Butler, Miami Beach, for appellant.
Charles J. Crist, Jr., Attorney General, for appellee.
Before RAMIREZ, WELLS, and SUAREZ, JJ.
WELLS, Judge.
Renaud Debuisson appeals from an order denying his Florida Rule of Criminal Procedure 3.800 motion to correct illegal sentence in which he claims that the sentence imposed was vindictive and that he did not have the two felony convictions necessary to sentence him as a habitual felony offender. We affirm.
A vindictive sentence claim must be raised in a Rule 3.850 motion, not in a Rule 3.800 motion, and since the conviction and sentences in this case became final more than two years before the instant motion was filed, the motion would, if considered as a Rule 3.850 motion, be untimely. See Wright v. State, 891 So.2d 618 (Fla. 3d DCA 2005) (finding that a vindictive sentencing claim cannot be raised in a Rule 3.800 motion); Shaw v. State, 780 So.2d 188, 190 (Fla. 2d DCA 2001) (affirming the denial of a Rule 3.800 motion where, even if treated as a Rule 3.850 motion, it would be untimely).
We also find no error in the trial court's order denying relief with regard to Debuisson's claim that he was improperly sentenced as a habitual felony offender without the necessary two prior predicate felonies. The record reveals that Debuisson was sentenced as a habitual violent felony offender under section 775.084(1)(b), Florida Statutes (1998), which requires only a single prior felony conviction for enhanced sentencing.
*532 Accordingly, the order denying Debuisson's Rule 3.800 motion is affirmed.