979 So.2d 383 (2008)
Robert Lee EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-329.
District Court of Appeal of Florida, Fifth District.
April 18, 2008.
Robert L. Evans, Chipley, pro se.
Bill McCollum, Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Robert Lee Evans, appeals the summary denial of his rule 3.850 motion alleging ineffective assistance of his trial counsel. While we affirm the denial on all of the grounds asserted except one, we do remand for further proceedings on the issue of vindictive sentencing.
Mr. Evans was convicted by a jury of the second degree murder of his wife, Nicole, by use of a firearm, and was sentenced to life in prison with a minimum mandatory term of 25 years. His plenary appeal was affirmed per curiam in Evans v. State, 944 So.2d 484 (Fla. 5th DCA 2006).
Among the claims made by Mr. Evans in his 3.850 motion was that his counsel was ineffective in not objecting to the purportedly vindictive sentencing he received. He alleges that the trial court injected itself into the plea negotiations between Mr. Evans and the State, and then imposed a harsher sentence than that offered. The trial court denied this motion and in support of its ruling attached part of the transcript of a colloquy between the court and Mr. Evans prior to trial. The trial judge said, in part, during the exchange:
You don't want to take 30 years that has been offered by the State? I guess the State has withdrawn it, but if I give you this one shot to take the *385 30 years  you are looking at life in prison if you are convicted as charged.
Although Mr. Evans thought about the court's proposal, he rejected it. Immediately before trial the court remade the offer of a thirty-year prison sentence in exchange for a guilty plea, but it was again rejected. After Mr. Evans was convicted by the jury the court sentenced him to life in prison, with a 25-year minimum mandatory requirement. Nothing in the record provided to us, however, explains the reason for the increased sentence above that which was offered.
The trial court in denying the 3.850 motion on this ground held that the issue of vindictive sentencing should have been raised on direct appeal and was, therefore, not cognizable under this rule. The case law does not appear to bear this out. We have previously considered, and granted relief in cases in which the failure of counsel to object to a potentially vindictive sentence under rule 3.850 was raised. See, e.g., Davis v. State, 860 So.2d 1058 (Fla. 5th DCA 2003). Likewise, in Bouno v. State, 900 So.2d 672 (Fla. 5th DCA 2005), review denied, 925 So.2d 1029 (Fla. 2006), we held that the failure to object to a vindictive sentence could not be raised by a motion pursuant to rule 3.800, but noted that we had previously considered that issue in the same case in an appeal from a denied 3.850 motion. Finally, our sister court in the third district has specifically held that a vindictive sentencing claim may be considered under rule 3.850, but cannot be considered under rule 3.800. See Debuisson v. State, 947 So.2d 531 (Fla. 3d DCA 2006); see also St. Pierre v. State, 966 So.2d 972 (Fla. 2d DCA 2007); Wright v. State, 891 So.2d 618 (Fla. 3d DCA 2005), review denied, 925 So.2d 1032 (Fla.2006); Nowells v. State, 840 So.2d 415 (Fla. 3d DCA 2003), review denied, 898 So.2d 938 (Fla.2005). Mr. Evans, therefore, properly sought post-conviction relief under rule 3.850 for this claim.
If a court inserts itself into plea negotiations, and if a harsher than offered sentence is meted out after the rejection of the bargain, a determination must be made regarding whether there is a reasonable likelihood that the harsher sentence was vindictive. See Wilson v. State, 845 So.2d 142 (Fla.2003). In Wilson, the Florida Supreme Court declined to adopt a presumption of vindictiveness to be applied in all cases in which a judge participates in failed plea negotiations, and then sentences the defendant more severely than the sentence contemplated. Instead, the high court concluded that a totality of circumstances analysis is more appropriate. See also Vondervor v. State, 847 So.2d 610 (Fla. 5th DCA 2003).
The factors identified in Wilson to be considered in the totality of circumstances calculus include (1) whether the trial judge initiated the plea discussions without being requested to do so by either party;[1] (2) whether the trial judge, through his or her comments on the record, appears to have departed from the required role as an impartial arbiter either by urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as whether the defendant exercises his or her right to go to trial;[2] (3) whether there is a disparity between the plea offer and the ultimate sentence imposed and the quantum of that disparity; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or *386 her right to a trial or hearing. See Wilson citing Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
If after analysis the totality of circumstances does not give rise to a presumption of vindictiveness, the burden remains on the defendant to prove actual vindictiveness. See Alabama, 490 U.S. at 799, 109 S.Ct. 2201. If, however, the trial judge participates in the plea negotiations beyond the extent authorized by Warner, or if the judge by his or her comments appears to have departed from the role as neutral arbiter, then these actions may give rise to a presumption of judicial vindictiveness that shifts the burden to the State to affirmatively demonstrate by evidence sufficient to dispel the presumption. See Wilson, 845 So.2d at 155.
In the present case the trial judge, who incidentally enjoys an excellent reputation for fairness, seems to have strayed into forbidden territory. He on two occasions specifically made a sentencing offer of 30 years in prison in exchange for a guilty plea, even though the State had withdrawn its offer. He then attempted to convince the defendant of the wisdom of accepting his proposal. After the trial concluded the court sentenced Mr. Evans to life in prison, with the minimum mandatory term of 25 years, but did so without explaining why he felt it appropriate to go beyond the previously offered thirty years. Although the colloquy between the court and Mr. Evans contains a number of disclaimers, the presumption, when viewed in light of the totality of circumstances, was clearly implicated.
The response by the State to this court's order to show cause was of little benefit. It suggests, among other things, that Allende v. State, 882 So.2d 472 (Fla. 5th DCA 2004), supports its position that Mr. Evans was required to seek rule 3.800 relief before he could show prejudice from his counsel's failure to object. In addition to being contrary to Davis, Bouno, Debuisson and Nowells, the State's position cannot be founded on Allende because in that case we specifically said that "We express no opinion regarding Allende's ability to raise the alleged vindictive sentencing error in appropriate post-conviction proceedings." See Allende, 882 So.2d at 473 n. 3.
Accordingly, we reverse that part of the trial court's order denying Mr. Evans claim for post-conviction relief based on the assertion of vindictive sentencing, and as required by Wilson, remand for resentencing of Mr. Evans before a different judge. We affirm the trial court's order in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and COHEN, JJ., concur.
NOTES
[1] See State v. Warner, 762 So.2d 507 (Fla. 2000).
[2] Id.