ON MOTION FOR REHEARING

COHEN, J.
We grant Raul Rosado’s motion for rehearing, withdraw our prior opinion, and substitute the following in its stead.
Raul Rosado appeals from the judgment and sentence entered after he was adjudicated guilty of kidnapping with intent to inflict bodily harm or terrorize, burglary of a conveyance with an assault, carjacking, aggravated battery causing great bodily harm, aggravated assault with an intent to commit a felony, and two counts of misdemeanor battery following a jury trial. On appeal, he argues that: (1) his convictions for both burglary with an assault and aggravated assault with an intent to commit a felony violate the prohibition against double jeopardy; (2) his convictions for aggravated battery and two counts of misdemeanor battery violate the prohibition against double jeopardy; and (3) the trial court imposed a vindictive sentence in sentencing him to forty years’ imprisonment. We affirm in part and reverse in part.
In the early morning hours of July 21, 2008, the victim was parked in a parking lot beneath the 1-4 overpass in downtown Orlando when a man she did not recognize approached her car. The man eventually convinced the victim to give him a ride to Orange Blossom Trail. During the car ride, the man pressed something against the victim’s side, demanding that she do as he said. The victim did not know what was pressed against her, but she feared that it was a gun. The man ordered the victim to turn onto the next side street and pull over, and she complied. Once the car was stopped, she told the man to get out, but he refused. When the victim attempted to exit the car, the man punched her in the face. She tried to reach for the door handle again, but the man choked her and hit her several times. He ordered her to push the driver’s seat back, but she refused. The man then reclined her seat and demanded that she remove her pants and underwear. The man digitally penetrated her and continued to hit and choke her as she struggled. The victim eventually was able to escape from the car, at which point the man jumped into the driver’s seat and sped off.
The victim flagged down assistance, law enforcement was called, and she was transported to the hospital. Law enforcement located the victim’s car the next day and processed it for evidence, but the case remained cold for over two years.
In 2010, the Orange County Sheriff’s Office received a tip identifying Rosado as the victim’s attacker. Detectives showed the victim a photographic line-up and she identified Rosado as her attacker. Based upon the victim’s identification, the Sheriffs Office obtained a warrant for Rosado’s DNA and determined that his DNA matched the DNA found on the victim’s body and in her car. Rosado’s fingerprints were also found on the car.
The State filed an information charging Rosado with: (1) sexual battery with a deadly weapon or physical force; (2) kidnapping with intent to inflict bodily harm or terrorize; (3) burglary of a conveyance with an assault; (4) carjacking; (5) aggra *1107 vated battery causing great bodily harm; (6) aggravated assault with intent to commit a felony; and (7) felony battery. The jury found Rosado guilty as charged on counts two through seven. As to the sexual battery charge, the jury found Rosado guilty of the lesser-included offense of battery. At the sentencing hearing, the State announced that it would not go forward with attempting to prove Rosado’s prior battery conviction for the purposes of establishing felony battery. Accordingly, the trial court adjudicated Rosado guilty of misdemeanor battery on count seven.
On appeal, Rosado argues that some of his convictions violate the prohibition against double jeopardy.[1] As to the convictions for both burglary with an assault and aggravated assault with intent to commit a felony, the State concedes error. Accordingly, we vacate Rosado’s conviction for aggravated assault with intent to commit a felony.
Rosado further submits that his convictions for aggravated battery causing great bodily harm and two counts of misdemeanor battery also violate the prohibition against double jeopardy. We agree. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002) (holding that dual convictions for battery and aggravated battery causing great bodily harm violated double jeopardy principles where defendant committed battery and aggravated battery against same victim, in same location, and defendant’s actions “were within the course of one continuous episode attacking [the victim]”); see also Arnold v. State, 514 So.2d 419, 421 (Fla. 2d DCA 1987) (“The battery is a necessarily included lesser offense of the aggravated battery, and the constitutional protection against double jeopardy prohibits separate convictions and sentences.”). We therefore vacate Rosado’s two misdemeanor battery convictions.
Rosado also claims that the trial court imposed a vindictive sentence by sentencing him to forty years’ imprisonment even though the State had initially offered him a twenty-five-year plea. However, Rosado did not raise this error below, either by contemporaneous objection at the sentencing hearing or by a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b). Thus, we first must determine whether this issue is cognizable on appeal.
Rule 3.800(b) allows the filing of a “motion to correct any sentencing error, including an illegal sentence” before filing an appeal, or, when an appeal is pending, before the first brief is filed. Florida Rule of Appellate Procedure 9.140(e), in turn, provides that “[a] sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” In Brannon v. State, 850 So.2d 452, 456 (Fla.2003), the supreme court held that “for defendants whose initial briefs were filed after the effective date of rule 3.800(b)(2), the failure to preserve a fundamental sentencing error by motion under rule 3.800(b) or by objection during the sentencing hearing forecloses them from raising the error on direct appeal.”
In Allende v. State, 882 So.2d 472, 473 (Fla. 5th DCA 2004), this Court held that to preserve a claim of vindictive sentencing, the defendant must either lodge a *1108 contemporaneous objection during the sentencing hearing or assert the argument in a motion filed pursuant to rule 3.800(b). In reaching this conclusion, we reasoned that a claim of vindictive sentencing is a “sentencing error” within the meaning of rule 3.800(b). Id.
After our decision in Allende, the Florida Supreme Court clarified the issue of which types of errors constitute “sentencing errors” subject to rule 3.800(b). See Jackson v. State, 983 So.2d 562 (Fla.2008). The supreme court made clear that not all errors that occur in the sentencing context constitute a “sentencing error” under rule 3.800(b). “Instead, errors we have recognized as ‘sentencing errors’ are those apparent in orders entered as a result of the sentencing process.” Id. at 572. The court set forth a non-exhaustive list of “sentencing errors” subject to the rule: claims that the defendant was improperly habitualized; that the sentence exceeded the statutory maximum; that the score-sheet was inaccurate; that the trial court improperly imposed a departure sentence; that the written order deviated from the oral pronouncement; that the trial court improperly assessed costs; that the trial court improperly sentenced the defendant to simultaneous incarceration and probation; that the trial court failed to award credit for time served; that the trial court failed to address in writing its decision to impose adult sanctions; and that a sentencing statute was unconstitutional.[2] Id. at 572-73. The court explained that, generally, these types of errors are not apparent until the sentencing order itself is entered; thus, the defendant would not have had the opportunity to object to the error before the sentencing order was entered. Id. at 573. Conversely, the court held that the temporary absence of defense counsel during a victim impact statement was not the type of “sentencing error” that could be asserted under rule 3.800(b); rather, it was “an error in the sentencing process,” which was not subject to the rule and thus could be asserted for the first time on appeal if it amounted to fundamental error. Id. at 574.
Applying Jackson to the instant case, we conclude that a claim of vindictive sentencing is “an error that occurs during the sentencing process, not an error in the sentencing order,” Jackson, 983 So.2d at 574, and is therefore not a “sentencing error” within the meaning of rule 3.800(b). The issue of whether a sentence is vindictive is not readily apparent on the sentencing order or within the statutes that govern imposition of a lawful sentence.[3]
Having concluded that a claim of vindictive sentencing is not a “sentencing error” subject to rule 3.800(b), we apply the general rule that an unpreserved error may be considered on appeal only if the error is fundamental. “[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process.” Jackson, 983 So.2d at 575 (quoting Hopkins v. State, 632 So.2d 1372, 1374 (Fla.1994)). In discussing fundamental error in the sentencing context, the supreme court has stated:
[I]n order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the in *1109 quiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence. In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.
Maddox v. State, 760 So.2d 89, 99-100 (Fla.2000) (citation omitted). In Maddox, the supreme court opined that “an error that improperly extends the defendant’s incarceration or supervision would likely impress us as fundamental.” Id. at 100 (quoting Bain v. State, 730 So.2d 296, 305 (Fla. 2d DCA 1999)). Applying that standard here, we conclude that the imposition of a vindictive sentence constitutes fundamental error because it extends the defendant’s length of incarceration.
We must next determine whether Rosado has established that a vindictive sentence was, in fact, imposed in this case. In determining whether a sentence is vindictive, courts look at the totality of the circumstances. Wilson v. State, 845 So.2d 142, 156 (Fla.2003). Factors to consider include whether the trial judge initiated plea discussions without being requested to do so by either party, or whether the trial judge appears to have departed from the role of impartial arbiter by either urging the defendant to accept a plea or by stating that the sentence imposed would hinge on future procedural choices, such as the exercise of the right to trial. Id. If either occurs, a harsher sentence following trial is presumed to be vindictive. Id. “Where the totality of the circumstances does not give rise to the presumption of vindictiveness, the burden remains upon the defendant to prove actual vindietiveness.” Id. at 156 n. 8 (citing Alabama v. Smith, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)).
In the instant case, a presumption of vindictiveness does not arise because the trial judge neither initiated the plea discussions nor departed from her role of neutrality. Rather, as most experienced trial judges do, prior to jury selection, she inquired of the parties as to whether any plea offers had been tendered and ensured that they had been communicated to Rosa-do. The judge further inquired whether Rosado had rejected that offer and was aware of the potential maximum sentence.[4]
The following day, Rosado reopened the discussion when he stated he would accept the State’s plea offer as long as he was able to serve the sentence in another jurisdiction. The trial judge responded that while she was willing to accept the negotiated plea, she could not order that Rosado serve the sentence outside of Florida. Ro-sado replied that he would accept the plea as long as he did not have to plead guilty to the sexual battery charge, but the State refused to nolle prosequi that charge. Ro-sado proceeded to trial and was found guilty of several offenses, including two felonies punishable by life imprisonment. During the sentencing hearing that followed, the State presented compelling victim impact testimony from both the victim and her father. Although the trial judge could have sentenced Rosado to life imprisonment on two of the counts, she instead sentenced him to forty years’ imprisonment.
Based on the totality of the circumstances, we conclude that Rosado has not met his burden of proving actual vindic *1110 tiveness. Accordingly, we affirm the sentence imposed by the trial court.
AFFIRMED IN PART; REVERSED IN PART.
TORPY, C.J., and ORFINGER, J., concur.

. Although Rosado did not raise these issues below, they are nevertheless cognizable on appeal because a double jeopardy violation constitutes fundamental error. See State v. Johnson, 483 So.2d 420, 422 (Fla.1986) (citing Benton v. Maryland, 395 U.S. 784, 794-96, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)).

. The court, however, did not specifically address the issue of vindictive sentencing.

. Our sister courts that have addressed the issue following Jackson have also held that the imposition of a vindictive sentence is not a "sentencing error” under rule 3.800(b). See Pierre v. State, 114 So.3d 319 (Fla. 4th DCA 2013); Mendez v. State, 28 So.3d 948 (Fla. 2d DCA 2010).

. These issues are frequently raised in post-conviction ineffective assistance of counsel claims. Failure to make such inquiry below will often necessitate an evidentiary hearing years down the road.