PER CURIAM.
Marco Simplice appeals from his convictions and sentences on four counts of robbery with a weapon (lesser-included offenses of robbery with a firearm, charged in the information), and one count of grand theft. The jury returned not guilty verdicts on four counts of aggravated assault and one count of aggravated battery. Simplice raises three issues relating to his convictions, and one relating to his sentencing. We agree with Simplice as to the sentencing issue, but see no other issue that merits discussion. Relevant to the sentencing issue, the trial judge in this case initiated plea discussions with Simpl-ice and made two plea offers to him. Before jury selection, the trial judge reviewed the potential minimum mandatory and maximum penalties on each charge, and asked if there had been any plea discussions. It was revealed that Simplice faced a minimum sentence of 15.25 years in prison (with all charges scored), with a ten-year minimum mandatory sentence (day for day). It was also revealed that the State had essentially offered this minimum sentence prior to trial, but that Simplice had rejected the offer and that the State had withdrawn it. The.State’s new day-of-trial offer was twenty years in prison, with the ten-year minimum mandatory. At that point, the trial judge informed Simplice that she was offering to sentence Simplice to 15.25 years in prison, with a ten-year minimum mandatory, in exchange for a plea prior to jury selection. Simplice rejected the offer and jury selection began.
As the State neared the end of its case, having presented all but two of its witnesses, the trial court once again initiated plea discussions directly with Simplice, offering the same minimum sentence she had previously offered in exchange for a plea, explaining that this would allow the court to move on to another trial. Simpl-ice also rejected this second offer. The trial court ultimately imposed consecutive ten-year sentences on each of the four robbery charges and a five-year concurrent sentence on the grand theft charge, for a cumulative sentence of forty years in prison. The judge offered no explanation for this 262% increase from the sentences she offered before jury selection and mid-trial. And, no explanation can by gleaned from the record, especially in light of the fact that Simplice was convicted of fewer and less serious offenses than those charged, and that nothing new was revealed after the court’s second offer regarding the nature of the crimes or Simpl-ice’s involvement in them, other than Simplice’s testimony that he did not commit them.
The issue of whether a defendant’s sentence is vindictive is a question of law subject to de novo review. Baxter v. State, 127 So.3d 726, 734 (Fla. 1st DCA 2013). When a trial court imposes a harsher sentence after participating in plea negotiations, the appellate court must review the totality of the circumstances to determine if the sentence is vindictive. Wilson v. State, 845 So.2d 142, 156 (Fla.2003). Those circumstances include:
(1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such *557 as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.
Id. (footnotes omitted). If either of the first two circumstances is present, “these actions alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption.” Id.; see also Rosado v. State, 129 So.3d 1104, 1109 (Fla. 5th DCA 2013) (noting that if either of the first two circumstances are present, a harsher sentence following trial “is presumed to be vindictive”).
The first circumstance is present in this case. The trial court twice initiated plea negotiations during trial and offered Simplice a sentence substantially lower than the one it later imposed. Consequently, a presumption of vindictiveness arises, shifting the burden to the State to dispel the presumption, id., which it has not done.[1] As such, we affirm Simplice’s convictions but vacate the sentences and remand for resentencing before a different judge. See id.
AFFIRMED, VACATED and REMANDED with INSTRUCTIONS.
TORPY, C.J., LAWSON and SAWAYA, JJ., concur.

. Although the State initially argued that Simplice did not preserve this issue for appellate review, it promptly and properly filed a notice of supplemental authority after our issuance of Rosado, 129 So.3d at 1109, which holds that imposition of a vindictive sentence constitutes fundamental error.