COHEN, J.,
concurring specially.
Todd Buchanan appeals his judgment and sentence entered after a jury found *1057 him guilty of two counts of attempted manslaughter, two counts of aggravated battery, and one count of shooting a deadly missile into an occupied building. He argues that we should reverse and remand for resentencing in front of a different trial judge because his 105-year prison sentence constitutes a vindictive sentence.
The issue of whether a sentence is vindictive is a question of law subject to de novo review. Baxter v. State, 127 So.3d 726, 734 (Fla. 1st DCA 2013). The phrase “vindictive sentence” is a legal concept that is, theoretically, devoid of any pejorative connotation. In determining whether a presumption of vindictiveness applies, we must examine the totality of the circumstances, including whether the trial judge initiated plea discussions or departed from his or her role as neutral arbiter. Wilson v. State, 845 So.2d 142, 156 (Fla. 2003). A judge may not depart from this neutral role by urging the defendant to accept the State’s plea offer or implying that the sentence imposed will hinge on the defendant’s future procedural choices, such as exercising the right to a trial. Id. If the trial judge initiates a plea offer or advocates acceptance of the State’s plea offer, “these actions alone may give rise to a presumption of judicial vindictiveness that would shift the burden to the State to produce affirmative evidence on the record to dispel the presumption.” Id.; Simplice v. State, 134 So.3d 555, 557 (Fla. 5th DCA 2014); accord State v. Warner, 762 So.2d 507, 513-15 (Fla. 2000) (holding that trial judges are prohibited from initiating plea dialogue and must not state or imply alternative sentencing possibilities that hinge upon the defendant’s future procedural choices).
The trial judge’s actions in this case perfectly exemplify a scenario that gives rise to a presumption of vindictive sentencing. Before trial, the following colloquy took place:
[THE COURT]: So you have six counts that will put you at a minimum of 25 and maximum of life. I’m not telling you you’re going to get life in prison, but please don’t be surprised if you do. Life in prison in Florida means you will die in prison. You will never be a free man again. You will get convicted in this courtroom, this week or whenever this trial is over and you will—you will not be going home.
[[Image here]]
All right. I made an offer from the bench to your attorney and I understand you don’t want it, but I want to hear it from you, so you can’t later say that you didn’t know about it if you get life. How old are you now?
[BUCHANAN]: Thirty-two.
[THE COURT]: All right. I made an offer to your attorney of 30 years, 25-year [minimum mandatory], with five years on top of that, so it would be—you would do about 29 years, but you would at least have a light at the end of the tunnel, where you would be free and you would not spend the rest of your life in prison. You would actually get out and be a free man after that. If you get sentenced to life in prison, you will never get out. You will die in prison.
[BUCHANAN]: Right.
[THE COURT]: That means your parents will be gone, your family will be gone and you’re going to still be in prison. It’s my understanding that your attorney said you don’t want to take the 30 years and that’s fine. We have a lot of people turn that down. There is no going back once the jury comes in; do you understand that?
[BUCHANAN]: Yes, I do.
[THE COURT]: In other words, a young man—one day in here, ... he had a ten-year offer on an armed robbery with a firearm and he turned it down. *1058 He went to trial and he is going to die in prison. Now he’s serving life.
[BUCHANAN]: Right.
[THE COURT]: He could have been out in ten years. It’s nay understanding you don’t want any deals, you want to take your chances with th'e jury?
[BUCHANAN]: Right.
The judge’s prediction was remarkably accurate: Buchanan was convicted and sentenced to 105 years in prison—essentially a life sentence.
In my view, considering the totality of the circumstances, the judge’s plea offer and subsequent sentencing give rise to a presumption of vindictiveness. The trial judge participated in, and possibly initiated, plea discussions.-[1] Additionally, a large disparity exists between the plea offer and ultimate sentence imposed. The issue then becomes whether the State has rebutted that presumption. The trial court listened to overwhelming evidence presented at trial. What became apparent at trial, which was not apparent in either the information or the arrest report, was that when Buchanan shot blindly into a bar, he endangered the lives of twenty-five to thirty people. The trial judge specifically noted this fact in his remarks at sentencing, and it explains the imposed sentence,[2] In sum, I believe that the presumption of vindictiveness was rebutted.

. Iam unable to determine whether the trial judge initiated the plea discussion because the conversation wherein the judge made the thirty-year plea offer to Buchanan’s counsel cannot be found in the record. See Warner, 762 So.2d at 514 ("A record must be made of all plea discussions involving the court.”). In coming to my conclusion that the totality of the circumstances gives rise to a presumption of vindictiveness, I have considered the fact that there is no record of the plea discussions with the trial judge and Mr. Buchanan's lawyer. See Baxter, 127 So.3d at 734-35 (noting that the existence of off-the-record plea discussions should be considered as part of the overall analysis in determining whether a presumption of vindictiveness exists).

. Buchanan’s assertion that the trial judge was aware of the facts and circumstances of the case when he made the thirty-year offer is not supported by any citation to the record.