FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANDRES HERNANDEZ,                )
                                 )
            Appellant,           )
                                 )
v.                               )       Case No. 2D12-2786
                                 )
STATE OF FLORIDA,                )
                                 )
            Appellee.            )
                                 )
_____  )

Opinion filed August 15, 2014.

Appeal from the Circuit Court for Manatee
County; Janette Dunnigan and Thomas W.
Krug, Judges.

Howard L. Dimmig, II, Public Defender, and
Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellant.

Andres Hernandez, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


DAVIS, Chief Judge.

            Andres Hernandez challenges his convictions and sentences for burglary

of an unoccupied dwelling, petit theft, and obtaining money from a pawnshop by fraud.

Hernandez entered open no contest pleas to the charges, and sentencing was put off for sixty days in order to allow Hernandez to provide substantial assistance to the State in the form of information about his codefendant and other crimes. At sentencing, the trial court found that Hernandez had not provided substantial assistance and sentenced him to fourteen years on the burglary, five years on the fraud, and time served on the theft. Because the totality of the instant circumstances create an unrebutted presumption of vindictive sentencing, we reverse.[1]

After entering no contest pleas without reserving the right to appeal any dispositive issues, Hernandez is limited to raising the following issues on appeal: (1) lack of subject matter jurisdiction; (2) violation of plea agreement, if preserved by a motion to withdraw plea; (3) voluntariness of plea, if preserved by motion to withdraw plea; or (4) a sentencing error, if preserved. See Fla. R. App. P. 9.140(b)(2)(A)(ii).

He raises a sentencing error, arguing that the fourteen-year sentence imposed on the burglary count is the result of vindictive sentencing.[2] There is a presumption of vindictiveness where, when considering the totality of the

_____

[1]"The term *vindictive*—when used in the context of a claim of vindictive sentence—'is a term of art which expresses the legal effect of a given course of action, viewed objectively, and does not imply any personal animosity between the court and the defendant.' " Mendez v. State, 28 So. 3d 948, 950-51 (Fla. 2d DCA 2010) (quoting Harris v. State, 903 So. 2d 363, 366 (Fla. 2d DCA 2005)).

[2]We note that although Hernandez has not filed a postconviction motion to correct this sentencing error, there is no preservation issue to prevent him from raising it now. Vindictive sentencing has been recognized as an error in the sentencing process that need not be preserved by a Florida Rule of Criminal Procedure 3.800(b) motion. See Rosado v. State, 129 So. 3d 1104, 1108 (Fla. 5th DCA 2013) ("[A] claim of vindictive sentencing is 'an error that occurs during the sentencing process, not an error in the sentencing order,' Jackson [v. State], 983 So. 2d [562, 574 (Fla. 2008)], and is therefore not a sentencing error within the meaning of rule 3.800(b)."). Furthermore, this court has held that "imposition of a vindictive sentence is fundamental error that may be raised for the first time on appeal." Mendez, 28 So. 3d at 950.

circumstances, there is a "reasonable likelihood" that "[j]udicial participation in plea negotiations followed by a harsher sentence" is the result of retaliation for the defendant's exercising a certain right. Mendez v. State, 28 So. 3d 948, 950 (Fla. 2d DCA 2010) (quoting Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003)).

> [F]actors that should be considered include but are not limited to[ ] (1) whether the trial judge initiated the plea discussions with the defendant . . .; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea[ ] or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

Id. (quoting Wilson, 845 So. 2d at 156).

Here, Hernandez bases his claim of vindictive sentencing on the following exchange at the plea hearing:

> [PROSECUTOR]: . . . [T]he defense approached me about the idea of hoping that the mitigation [of substantial assistance] reduces it to a five-year recommendation from the State. So that was the number that has been thrown out by them. And again, we made no promises, but I'm keeping that in mind based on—
>
> THE COURT: Okay. So the court right now, you are offered a guaranteed plea of five years in state prison; is that—
>
> [PROSECUTOR]: Not from the State, no. The State's offer as it sits today is 15, but the Defense countered with substantial assistance, hoping to get five.

- 3 -

THE COURT: So that's your goal is in hopes that, if the information is of value, that the sentence would be somewhere around five years in prison?

[DEFENSE COUNSEL]: No, Judge. Our intent is to go bottom of the guidelines or lower if the help is good.

THE COURT: Okay.

[HERNANDEZ]: My original plea, I mean the first plea he gave me was five years plea [sic]. I didn't take it.

. . . .

THE COURT: So let me ask you this question. Do you want to—do you want to have the sentencing issue resolved today and accept the five years that the State had previously offered? Because if you want to know what is going to happen, then I will take your plea and I will sentence you to the five years that the State had previously offered you. If you want to—and that's without help, and then if you do provide assistance, then you can come back in and ask to have it mitigated within 60 days. But that's the only way that I can tell you that you can be assured of what is going to transpire at sentencing. If you want to accept the State's original offer, I will honor it.

Hernandez opted to enter an open plea and wait thirty days for sentencing, during which period he planned to provide substantial assistance to law enforcement in the hope of getting a bottom of the guidelines sentence (which was 28.575 months). When he returned for sentencing, the trial court determined that he had not provided substantial assistance to law enforcement and imposed the fourteen-year term on the burglary and the concurrent five years on the fraud charge.

Applying the factors discussed in Mendez, the trial court clearly initiated plea negotiations at the plea hearing by offering Hernandez the State's original five-year deal if he would agree to being sentenced that day. Furthermore, Hernandez's

fourteen-year sentence is undeniably harsher than the five-year offer, and there is nothing in the record to explain the increase in the sentence. At sentencing, the trial court pointed to the fact that Hernandez failed to provide substantial assistance to law enforcement, but at the time the court made the five-year offer, Hernandez had provided no assistance. If the court considered five years to be an appropriate sentence at a time when Hernandez had made no effort to provide assistance to law enforcement, his subsequent failure to do so cannot serve as a reason to increase the sentence to fourteen years. The court also mentioned Hernandez's criminal history, but that too was a condition the trial court was aware of at the time it made the five-year offer.

We do note that at the sentencing hearing, the investigating detective was allowed to testify that Hernandez was "going to be charged with eight counts of residential burglary and another nine counts of dealing in stolen property once this case is resolved." Over defense objection, the detective was allowed to list the dates, locations, and items taken for eight other burglaries Hernandez was suspected of committing but for which no charges had yet been filed against him. These facts, however, could not serve as a change in circumstances by which to increase Hernandez's sentence from the five-year offer because uncharged crimes cannot be considered when determining a sentence. See Martinez v. State, 123 So. 3d 701, 703 (Fla. 1st DCA 2013) ("A sentence within statutory limits . . . is generally unassailable on appeal. But a sentence cannot stand, at least on direct appeal, if the sentencing judge considered constitutionally impermissible factors in arriving at the sentence. Relying on pending or dismissed charges, in effect deeming such charges established without proof or a conviction, violates a defendant's right to due process." (citations omitted)).

Based on the totality of the facts of this case, there is an unrebutted presumption that the harsher sentence imposed was the product of vindictive sentencing. Accordingly, we reverse and remand for resentencing before a different judge.

Reversed and remanded.


NORTHCUTT and MORRIS, JJ., Concur.