IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RICHARD J. BATTLE,

      Appellant,

 v.

STATE OF FLORIDA,

      Appellee.

Case No.  5D15-2368
              5D15-2370

_____/

Opinion filed July 29, 2016

Appeal from the Circuit Court
for Marion County,
Hale R. Stancil, Senior Judge.

James S. Purdy, Public Defender, and Lisa
A. Haskins and Steven N. Gosney,
Assistant Public Defenders, Daytona
Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

SAWAYA, J.

      Richard J. Battle seeks reversal of the sentence he received, contending that it

was a vindictive sentence imposed after he rejected a previous plea offer and chose to

proceed to trial.[1] We hold that the State did not overcome the presumption of vindictiveness based on the trial court's initiation of plea discussions, imposition of a considerably longer sentence after trial, and failure to put explanatory facts on the record.

Battle was charged with dealing in stolen property and falsification of ownership to a pawn broker. Prior to trial, the State offered Battle a plea of ten years' incarceration followed by five years' probation. Battle rejected the offer. During the trial, the parties discussed a discovery issue. During this discussion, the trial court began a plea dialogue with Battle and asked him if he wanted to accept the State's previous offer of ten years' incarceration followed by five years' probation. The trial court indicated that this was the sentence it would impose if Battle accepted the offer. A recess was granted to allow Battle and his attorney an opportunity to discuss the offer. Battle declined the trial court's offer.

The jury returned a verdict of guilty on all counts. Battle's scoresheet indicated a lowest permissible prison sentence of slightly over eight years. The trial court imposed a sentence of two consecutive terms of fifteen years' incarceration followed by fifteen years' probation. The State prompted the trial court to place findings on the record regarding the length of the sentence imposed, but the court declined to explain why it imposed a considerably longer sentence than offered during trial. Battle seeks review of the sentence, contending that it was vindictive.

This court has consistently held that a trial court may not consider a defendant's refusal to enter a plea when determining an appropriate sentence. See Nunez v. State,

---

[1] Battle brings this challenge in case number 5D15-2368 and does not contest his judgment and sentence in case number 5D15-2370. These cases were consolidated pursuant to a previous order from this court.

191 So. 3d 547, 548 (Fla. 5th DCA 2016); Simplice v. State, 134 So. 3d 555, 556 (Fla. 5th DCA 2014); McRoy v. State, 834 So. 2d 275, 277 (Fla. 5th DCA 2002). "If a court inserts itself into plea negotiations, and if a harsher than offered sentence is meted out after the rejection of the bargain, a determination must be made regarding whether there is a reasonable likelihood that the harsher sentence was vindictive." Evans v. State, 979 So. 2d 383, 385 (Fla. 5th DCA 2008). This determination requires consideration of the totality of the circumstances. Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003); Simplice, 134 So. 3d at 556.

The Florida Supreme Court held in Wilson that "[j]udicial participation in plea negotiations followed by a harsher sentence is one of the circumstances" that must be considered. 845 So. 2d at 156. The court further explained that other circumstances to consider include but are not limited to:

> (1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner[2]; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

Id. (footnotes omitted). If either of the first two enumerated circumstances is present, a presumption of vindictiveness may arise that shifts to the State the burden of producing affirmative evidence on the record to overcome the presumption. Id.; Simplice, 134 So. 3d at 557.

---

[2] In State v. Warner, the Florida Supreme Court stated: "The trial court must not initiate a plea dialogue; rather, at its discretion, it may (but is not required to) participate in such discussions upon request of a party." 762 So. 2d 507, 513 (Fla. 2000).

3

The State argues that the trial court did not initiate plea discussions with Battle and, therefore, a presumption of vindictiveness never arose. The State supports this argument with the assertion that the trial court's discussion with Battle about the previously rejected plea offer from the State "merely gave him the opportunity to reconsider it." We reject that argument. The record reveals that the trial court offered to sentence Battle in accordance with the previously rejected offer, provided he accepted it "right now". Specifically, the trial court stated, without a request or prompting from anyone, "I mean, the State made an offer of ten years and he's rejected that. If he wants to plead guilty right now, I'll give him ten years." Clearly, the trial court initiated plea discussions with Battle, and precedent from this court and others confirms the correctness of this conclusion. See Hernandez v. State, 145 So. 3d 902, 905 (Fla. 2d DCA 2014); Simplice, 134 So. 3d at 556; Evans, 979 So. 2d at 386.

The facts in Simplice are strikingly similar to the instant case. 134 So. 3d at 556. In Simplice, the defendant was charged with several crimes (a catalogue of them is not necessary). Id. Prior to trial, the State offered the defendant a plea to the minimum sentence reflected on his scoresheet. Id. The defendant rejected that offer. Id. During trial, the trial court twice offered to sentence the defendant to the minimum sentence reflected on the scoresheet as previously offered by the State, but the defendant declined each offer. Id. When he was sentenced, the defendant received a sentence substantially longer than previously offered during the plea discussions. Id. This court reversed the sentence, concluding that "[t]he trial court twice initiated plea negotiations during trial and offered Simplice a sentence substantially lower than the one it later imposed. Consequently, a presumption of vindictiveness arises, shifting the burden to the State to

4

dispel the presumption, which it has not done." Id. at 557 (internal citation and footnote omitted).

Hernandez is also similar. 145 So. 3d at 904. In that case, the court engaged in plea discussions with the defendant. Id. There was some discussion about a plea in exchange for substantial assistance from the defendant. Id. Apparently, the State had previously made an offer to the defendant of five years in prison without assistance; and when the trial court heard of that prior offer, it asked the defendant, "Do you want to – do you want to have the sentencing issue resolved today and accept the five years that the State had previously offered? . . . If you want to accept the State's original offer, I will honor it." Id. at 904-05. The defendant declined that offer and entered an open plea to the court with sentencing to follow in thirty days, during which period the defendant would have the opportunity to render substantial assistance. Id. at 905. When the sentencing hearing took place, the trial court found that the defendant did not provide substantial assistance and sentenced him to fourteen years in prison. Id. The Second District Court reversed the sentence, concluding that it was vindictive. Id. Specifically, the court held that "the trial court clearly initiated plea negotiations at the plea hearing by offering Hernandez the State's original five-year deal if he would agree to being sentenced that day." Id. The court further held that "Hernandez's fourteen-year sentence is undeniably harsher than the five-year offer, and there is nothing in the record to explain the increase in the sentence." Id.

Finally, in Evans, prior to trial, the trial court engaged in the following discussion with the defendant: "You don't want to take [the] 30 years that has been offered by the State? I guess the State has withdrawn it, but if I give you this one shot to take the 30

5

years – you are looking at life in prison if you are convicted as charged." 979 So. 2d at 384-85. The defendant rejected the offer. Id. at 385. The trial resulted in a guilty verdict and a sentence of life in prison. Id. This court held that the trial court "strayed into forbidden territory" by offering the defendant a thirty-year sentence previously offered by the State and then imposing a sentence of life. Id. at 386. Because the sentence was vindictive, this court remanded the case for resentencing before a different judge. Id.

Here, as in Simplice, Hernandez, and Evans, the trial court offered to impose a sentence in accordance with a prior offer made by the State and rejected by Battle. Clearly, the trial court initiated the plea discussions with Battle in contravention of the dictates of Wilson, and the fact that the offer had previously been made and rejected does not alter that conclusion. Thus, a presumption of vindictiveness arose that the State failed to overcome. The State in its brief asserts that "[i]n the event this Court . . . believes the sentence is vindictive, the proper remedy is to remand for re-sentencing in front of another judge." We believe this is the correct remedy. See Wilson, 845 So. 2d at 159. Accordingly, we reverse the sentence under review and remand for resentencing before a different trial judge.

REVERSED and REMANDED.

ORFINGER and BERGER, JJ., concur.

6