# Third District Court of Appeal
## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-302
Lower Tribunal No. F17-10378
_____

**Manuel Alvarez-Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, C.J., and LINDSEY and BOKOR, JJ.

EMAS, C.J.

## INTRODUCTION

Manuel Alvarez-Hernandez, the defendant below, appeals his sentence of twenty-five years in prison, followed by ten years' reporting probation. The sole issue raised on appeal is whether the imposed sentence was vindictive. Alvarez-Hernandez contends that the sentence is presumptively vindictive, and that because the State has failed to rebut this presumption, we are required to reverse and remand for a new sentencing proceeding before a different judge. We do not agree and, for the reasons that follow, affirm the sentence.

## FACTS AND BACKGROUND

The relevant facts, which do not appear to be in dispute, are as follows:

In June 2017, Alvarez-Hernandez was charged with attempted second-degree murder with a deadly weapon (a first-degree felony); aggravated battery with great bodily harm or with a deadly weapon (a first-degree felony); and aggravated assault with a deadly weapon (a third-degree felony).

The case proceeded to trial in October 2019. Judge Tanya Brinkley presided over the trial and the subsequent sentencing. However, a month prior to the trial, a pretrial conference was held, at which time Judge Brinkley (who had only recently been assigned to the case) asked about prior plea

discussions or offers. The State advised Judge Brinkley that several previous offers had been extended to the defendant, and that the most recent offer of eleven years in prison (an offer extended by the State in April 2019) had been rejected in open court following a colloquy by the predecessor judge. The State renewed its offer of eleven years in prison, but it was again rejected by Alvarez-Hernandez. Defense counsel then advised Judge Brinkley that the predecessor judge had made an earlier offer of six years in prison followed by five years' probation, and that this offer was made in chambers, off the record, but that his client had rejected that offer as well.

Judge Brinkley then inquired whether the parties had any objection to her "re-extending" that six-year prison/five-year probation offer extended earlier by the predecessor judge. There was no objection, and the predecessor judge's earlier offer of six years in prison followed by five years' probation was extended to Alvarez-Hernandez which, following a colloquy, he again rejected.

Following trial, Alvarez-Hernandez was convicted of all three counts. His Criminal Punishment Code Scoresheet indicated the lowest permissible prison sentence was 137.25 months. The maximum possible sentence for the attempted second-degree murder with a deadly weapon and aggravated battery with great bodily harm or with a deadly weapon was thirty years in

prison for each count. The maximum possible sentence for the aggravated assault with a deadly weapon was five years in prison. Judge Brinkley sentenced Alvarez-Hernandez to a total of twenty-five years in prison, followed by ten years' reporting probation.

## DISCUSSION AND ANALYSIS

Our standard of review is de novo. Williams v. State, 225 So. 3d 349, 353 (Fla. 3d DCA 2017) (reiterating that "the issue of whether a defendant's sentence is vindictive is a question of law subject to de novo review"). As this court noted in Williams:

> When a claim of vindictive sentencing is raised, the reviewing court must examine all of the surrounding circumstances of a rejected plea and the sentence imposed to determine whether they create a presumption of vindictiveness. If the totality of the circumstances give rise to a presumption of vindictiveness, then the burden shifts to the State to produce evidence to dispel the presumption. However, if the totality of the circumstances do not give rise to a presumption of vindictiveness, the burden never shifts to the State and the defendant must satisfy his burden to prove actual vindictiveness.

Id. at 356 (quoting Concepcion v. State, 188 So. 3d 5, 9 (Fla. 3d DCA 2016)).

In determining whether the totality of the circumstances gives rise to a presumption of vindictiveness, judicial participation in plea negotiations, followed by a harsher sentence, is a circumstance to be considered. Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003). Other factors include, but are not limited to:

4

(1) whether the trial judge initiated the plea discussions with the defendant . . . ; (2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial; (3) the disparity between the plea offer and the ultimate sentence imposed; and (4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

Id.

Even if we were to find that "the trial judge initiated the plea discussions with the defendant"—a dubious proposition where, as here: the newly-assigned successor judge, who had not been involved in any plea discussions, inquired about any prior plea offers; the State and defense recited the history of plea offers predating her assignment to the case[1]; the State then followed up the recitation with an offer of its own to the defendant; the defendant rejected the State's offer, following which the successor judge asked if there was any objection to "re-extending" the offer made earlier by the predecessor judge—we conclude that the totality of the circumstances,

---

[1] See Rosado v. State, 129 So. 3d 1104 (Fla. 5th DCA 2013) (no presumption of vindictiveness where judge inquired as to whether any plea offers had been extended); Vondervor v. State, 847 So. 2d 610 (Fla. 5th DCA 2003) (no Warner violation if judge asks attorneys whether a plea offer has been extended).

5

analyzed through the framework of the remaining <u>Wilson</u> factors, do not give rise to a presumption of vindictiveness in this case.

First, there is nothing in the record to indicate the trial judge departed from her role as an impartial arbiter. Indeed, it is clear from the transcript that Judge Brinkley was not aware of any details of the case, nor was she involved in any prior plea discussions; she was merely renewing an offer extended earlier by the predecessor judge:

> Let the record reflect that . . . the offer that was extended to Mr. Alvarez-Hernandez was based on a previous offer that was extended by [the predecessor judge], that this Court hasn't had the benefit of being apprised of all the facts and circumstances surrounding the charges that were filed against Mr. Hernandez-Alvarez. In the event that Mr. Alvarez-Hernandez is convicted . . . sentencing would be based on the facts and the evidence as they are produced at trial.

Further, the record reveals she extended the offer in a neutral, non-advocating manner, merely advising the defendant this would be the last plea offer extended to him and that if he rejected it, the case would proceed to trial. Nor did Judge Brinkley urge Alvarez-Hernandez to accept the plea offer by implying or stating that any sentence imposed would hinge on future procedural choices such as proceeding to trial.

Finally, while there is a significant disparity between the plea offer and the ultimate sentence imposed, Judge Brinkley placed on the record, during the sentencing hearing, an explanation of the testimony and other evidence

introduced at trial that served as the basis for the sentence of twenty-five years in prison followed by probation. This is consistent with her statement, made to Alvarez-Hernandez during the plea colloquy that, if he rejected the plea offer, went to trial and was convicted, his sentence would be based on the facts and evidence presented in the course of the trial. It is also in accordance with the Court's instructive acknowledgment in <u>Wilson</u>:

> [T]he fact that a trial judge expresses an inclination to accept a state plea offer, does not mean that he or she will be bound to impose the same sentence after hearing the trial, if the evidence raises concerns that were not perceptible from the usually abbreviated representations made to the court during the plea bargaining process. Factors such as the nature of the defendant's prior convictions, the degree of violence employed by the defendant during the commission of the crime, the sophistication with which the charged offense was committed, and/or the physical or psychological suffering endured by the victim(s), are some factors that might lead the court to increase what it originally considered to be an acceptable sentence. Nevertheless, a judge who, having been advised of the details of the case and having been actively involved in an unsuccessful plea bargaining discussion, wishes to impose a post-trial sentence more severe than that contemplated by his or her plea negotiations, would be wise to explain his or her reasons for the greater sentence in order to dispel any appearance of vindictive sentencing.

<u>Wilson</u>, 845 So. 2d 157 (quoting <u>Prado v. State</u>, 816 So. 2d 1155, 1164 (Fla. 3d DCA 2002) (Sorondo, J., concurring).

**<u>CONCLUSION</u>**

We conclude, under the totality of the circumstances presented, that there is no "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Wilson, 845 So. 2d 156 (quoting Alabama v. Smith, 490 U.S. 794, 799 (1989)). As a result, no presumption of vindictiveness applies, and the burden remained upon the defendant to prove actual vindictiveness—"that the harsher sentence was imposed in retaliation for the defendant not pleading guilty and instead exercising his or her right to proceed to trial." Id. at 156. Alvarez-Hernandez has failed to meet this burden.

While we therefore affirm the judgment and the sentence imposed by the successor trial judge, we are concerned by the in-chambers, off-the-record plea discussions engaged in by the predecessor judge, and take this opportunity to caution trial judges and reaffirm the Florida Supreme Court's admonition in State v. Warner, 762 So. 2d 507 (Fla. 2000), that while judicial participation in the plea bargaining process is permissible, there are a number of limitations and safeguards to "minimize the potential coercive effect on the defendant, to retain the function of the judge as a neutral arbiter, and to preserve the public perception of the judge as an impartial dispenser of justice." Id. at 513 (additional citations omitted). One such safeguard is that a "record must be made of all plea discussions involving the court." Id.

8

at 514. This record requirement is all the more important in light of the provisions of Marsy's Law, which in 2018 amended Article I, Section 16 of the Florida Constitution to, inter alia, "preserve and protect the right of crime victims to achieve justice, ensure a meaningful role throughout the criminal and juvenile justice systems for crime victims, and ensure that crime victims' rights and interests are respected and protected by law in a manner no less vigorous than protections afforded to criminal defendants and juvenile delinquents." Art. I, § 16(b), Fla. Const. (2020). Among the specific constitutional rights now expressly provided to a victim upon request are:

> "The right to reasonable, accurate, and timely notice of, and to be present at, all public proceedings involving the criminal conduct, including, but not limited to, trial, plea, sentencing, or adjudication . . . .";
>
> "The right to be heard in any public proceeding involving pretrial or other release from any form of legal constraint, plea, sentencing, adjudication, or parole . . . ."; and
>
> "The right to confer with the prosecuting attorney concerning any plea agreements, participation in pretrial diversion programs, release, restitution, sentencing, or any other disposition of the case."

Art. I, § 16(b)(6)a.-c., Fla. Const. (2020).

Affirmed.

9