# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1306
Lower Tribunal Nos. F18-22475, F19-3572
_____

**Juan Carlos Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before FERNANDEZ, GORDO and GOODEN, JJ.

GOODEN, J.

Appellant Juan Carlos Gonzalez appeals his sentence of eighteen years and claims it is vindicative.  We affirm in all respects.

I.

In 2019, Gonzalez faced charges in two separate cases.  In the first case, he plead guilty to four counts of aggravated stalking in violation of a court order[1] and one count of strong-armed robbery.  In the second case, he plead guilty to two counts of aggravated stalking in violation of a court order.  In both cases, the trial court placed him on two years of probation, which included the condition that he have no direct or indirect contact with the victim—his ex-wife.

Yet Gonzalez subsequently sent flowers with a card and threatening text messages to the couple's daughter.  The card and messages targeted the ex-wife.[2]

---

[1] Gonzalez had seven domestic violence injunctions violations and six probation violations.

[2] Examples of the messages include: "She'll pay"; "Okay, tonight will be the night"; "Her days are numbered"; and "It will be over soon."  The psychologist and the trial court both described these messages as "very disturbing."

In September 2020, the State offered Gonzalez a plea deal of 148 months in prison.[3]  The trial court colloquized him.  But Gonzalez rejected that offer.  The matter proceeded to a hearing.

At that remote hearing, the trial court determined that Gonzalez willfully and substantially violated his probation.  In the first case, it imposed a sentence of fifteen years for strong-armed robbery, followed by two years of probation for each of the four counts of aggravated stalking.  In the second case, it imposed the sentence of five years for one count of aggravated stalking and two years of probation for the second count.  All counts were to run consecutive to each other and consecutive to the sentence imposed in each case.   In total, Gonzalez was sentenced to twenty years.

Gonzalez appealed.  He challenged the hearing not being in person.  But his counsel failed to object.  Finding no fundamental error, we affirmed.  See Gonzalez v. State, 343 So. 3d 166, 172 (Fla. 3d DCA 2022).

Upon remand, Gonzalez filed a Rule 3.850 motion claiming his counsel was ineffective for not objecting to the remote hearing.  The State conceded.  As a result, the trial court vacated the sentence and ordered a new hearing.

---

[3] The guidelines indicated that a sentence would be between 148.5 months and forty-five years.  He also qualified as a violent felony offender of special concern.

At the hearing, Gonzalez did not contest the finding that he violated his probation. Instead, he sought to be resentenced. Gonzalez stressed that he has been in prison for six years and he has changed, accepting responsibility for his actions. He had no disciplinary history and has been a model prisoner. He enrolled in several prison programs, completed them, and presented letters of recommendation. He expressed remorse and advised that he was working to improve himself. Gonzalez also presented testimony from four long-time friends and a psychologist, asserting he posed no danger and the incidents all stemmed from Gonzalez's stress over finances and his divorce.

His ex-wife testified. While she has not received any threats while Gonzalez has been incarcerated, she does not trust him. She was afraid that the harassment would continue if he were released. Before imprisonment, Gonzalez was ordered to stay away from her multiple times, but never complied. Somehow, he consistently knew where she was. She believed that imposing a more lenient sentence would be a gamble with her life.

The trial court resentenced Gonzalez. For the first case, it imposed a sentence of thirteen years for strong-armed robbery, followed by two years of probation for each of the four counts of aggravated stalking. In the second

4

case, it imposed the sentence of five years for one count of aggravated stalking and two years of probation for the second count. All counts were to run consecutive to each other and consecutive to the sentence imposed in each case. All prison and gain time was awarded. Thus, Gonzalez's sentence was shortened by two years—to eighteen years.

In imposing the sentence, the trial court explained why it sentenced Gonzalez in the manner it did. It explained that it had heard testimony and evidence as to what his family endured and has a greater appreciation of that. While noting it is a harsh sentence, the trial court also credited Gonzalez for changes he made while incarcerated.

This appeal followed.

## II.

Our evaluation of whether a defendant's sentence stems from judicial vindictiveness is a question of law. As a result, our review is de novo. See Alvarez-Hernandez v. State, 319 So. 3d 121, 123 (Fla. 3d DCA 2021); Williams v. State, 225 So. 3d 349, 353 (Fla. 3d DCA 2017).

## III.

Our constitutional right to due process prohibits trial courts from imposing a vindicative sentence.

> [W]hen a claim of vindictive sentencing is raised, the reviewing court must examine all of the surrounding circumstances of a

5

rejected plea and the sentence imposed to determine whether they create a presumption of vindictiveness. If the totality of the circumstances give rise to a presumption of vindictiveness, then the burden shifts to the State to produce evidence to dispel the presumption. However, if the totality of the circumstances do not give rise to a presumption of vindictiveness, the burden never shifts to the State and the defendant must satisfy his burden to prove actual vindictiveness.

Concepcion v. State, 188 So. 3d 5, 9 (Fla. 3d DCA 2016). In analyzing the

totality of the circumstances, we examine:

1) whether the trial judge initiated the plea discussions with the defendant in violation of Warner;[4]

(2) whether the trial judge, through his or her comments on the record, appears to have departed from his or her role as an impartial arbiter by either urging the defendant to accept a plea, or by implying or stating that the sentence imposed would hinge on future procedural choices, such as exercising the right to trial;

(3) the disparity between the plea offer and the ultimate sentence imposed; and

(4) the lack of any facts on the record that explain the reason for the increased sentence other than that the defendant exercised his or her right to a trial or hearing.

Wilson v. State, 845 So. 2d 142, 156 (Fla. 2003).

Gonzalez maintains that he is being punished for contesting the

probation violation. But the record shows otherwise. There is no evidence

that the trial court departed from its role as an impartial arbiter. The trial court

---

[4] State v. Warner, 762 So. 2d 507 (Fla. 2000).

6

did not initiate or participate in plea negotiations. Instead, it asked whether the State made an offer, and ensured Gonzalez understood the offer, the sentencing guidelines, and the maximum penalty he was facing. It did so in a "neutral, non-advocating manner." Alvarez-Hernandez, 319 So. 3d at 124. It never urged Gonzalez to accept the plea or imply that his sentence would be increased simply because he exercised his right to contest the violation.

What is more, the trial court carefully explained why it was sentencing Gonzalez in the manner it did. It noted that it heard evidence and testimony of what the family endured. Through this lens, it appreciated the full extent of the crimes and violations, and the impact on the victim. Further, the trial court credited Gonzalez for the changes he made while incarcerated. For that reason, it imposed a shorter sentence than it previously did. Cf. Evans v. State, 979 So. 2d 383, 386 (Fla. 5th DCA 2008) (reversing sentence where trial court imposed life sentence after the defendant rejected thirty-year plea offer without explaining reason for the increased sentence).

As evidence of vindictiveness, Gonzalez points to an isolated statement where the trial court noted that Gonzalez's decision to reject the plea "put everyone through the ringer." But he ignores the context in which this statement was made. It was directed to the 2020 hearing at which the

7

family testified *at length*—not the 2024 resentencing.   The statement concerned the toll it took on the family.

To that end, the presumption of vindictiveness does not arise in this case.  "The disparity between the State's pre-trial plea offer and the sentence imposed by the trial court . . . , standing alone, does not create a presumption of vindictiveness nor require resentencing."  Concepcion, 188 So. 3d at 10.  Since the presumption does not arise and the burden never shifts, Gonzalez was required to prove actual vindictiveness.  Id. at 9.  He failed to do so.

Affirmed.